GARY R. GOODHEART, ESQ. (NV Bar #1203)
KARL L. NIELSON, ESQ. (NV Bar #5082)
FENNEMORE CRAIG, P.C.
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone:  (702) 692-8000
Facsimile:   (702) 692-8099
Email: ggoodheart@fclaw.com
       knielson@fclaw.com

RICHARD H. BROWN, ESQ.
(*pro hac vice to be submitted*)
DAVID I. GREENBAUM, ESQ.
(*pro hac vice to be submitted*)
DAY PITNEY LLP
7 Times Square, 20th Floor
New York, NY 10036
Telephone:  (212) 297-5854
Facsimile:  (973) 206-6129
Email:  rbrown@daypitney.com
        dgreenbaum@daypitney.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WENGER S.A., <br><br> Plaintiff <br><br> v. <br><br> FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD.; SWISSDIGITAL USA CO., LTD.; KRUMMHOLZ INTERNATIONAL INC.; SWISSGEAR SARL; and ZHIJIAN "HUNTER" LI, <br><br> Defendants. | Case No. 2:15-cv-1098-APG-NJK <br><br><br> TEMPORARY RESTRAINING ORDER AND ORDER SETTING SCHEDULE FOR PRELIMINARY INJUNCTION APPLICATION |

Plaintiff Wenger S.A. ("Plaintiff" or "Wenger") has moved the Court on an *ex parte* basis without notice for a Temporary Restraining Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure.  In a Complaint filed on June 10, 2015, Wenger has brought claims

for trademark infringement, copyright infringement and related claims against Defendants Fuzhou Hunter Product Import and Export Co., Ltd. ("Fuzhou Hunter"); Swissdigital USA Co., Ltd.; Krummholz International Inc.; (collectively, the "Fuzhou Hunter Entities"), and Mr. Zhijian (Hunter) Li, individually (hereinafter "Hunter Li"). The Fuzhou Hunter Entities and Hunter Li are collectively referred to herein as the "Defendants."

Plaintiff's counsel certifies pursuant to Fed. R. Civ. P. 65(b) that under the circumstances, good cause exists for issuing a temporary restraining order without prior notice. Wenger just learned that Defendant Fuzhou Hunter, represented by Hunter Li, is infringing Wenger's intellectual property rights on June 9, 2015, the first day of a trade event, the 2015 Licensing Expo being held at the Mandalay Bay Convention Center in Las Vegas, Nevada (the "Licensing Expo"). The show lasts only three days, so time is of the essence. The only practical and effective way to safeguard Wenger's rights is for the Court to issue an Order on an *ex parte* basis. Unless stopped now before the end of the Licensing Expo, Defendants will likely leave the country and reappear at the next trade show, where they will continue to market based on infringement and the hijacking of Wenger's rights. (See Brown Decl. ¶4).

In its motion, Wenger alleges that Defendant Fuzhou Hunter is displaying, promoting and offering to sell products at the June 9-11, 2015 Licensing Expo 2015 at the Mandalay Bay Convention Center in Las Vegas, Nevada ("Licensing Expo") that infringe Wenger's U.S. trademark and copyright rights. Wenger further alleges that its representative visited the venue of the Licensing Expo in Las Vegas, Nevada on June 9, 2015, and discovered Fuzhou Hunter's infringing display and goods.

Wenger seeks a temporary restraining order to enjoin Defendant Fuzhou Hunter, Defendant Hunter Li, and all those acting in concert with them, from displaying, promoting, and offering to sell products, or otherwise using, Wenger's intellectual property at the Licensing Expo 2015 from June 9-11, 2015.

The Court, having duly considered Wenger's Complaint, *Ex Parte* Motion for Temporary Restraining Order, and the Declarations and Exhibits submitted therewith, hereby makes the following findings and conclusions:

1. An order other than an *ex parte* temporary restraining order would not be adequate to achieve the purposes of Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 501(a) of the Copyright Act (17 U.S.C. § 501), because: Defendant Fuzhou Hunter appears to be engaging in willful infringement at the Licensing Expo of (a) Wenger's registered U.S. Copyright No. VA-1935912 covering a design called the Wenger Logo Design and (b) Wenger's trademark rights in the Wenger Logo Design and the design incorporated therein (the "Wenger Emblem"), by means of Fuzhou Hunter's adoption and use of a substantially and confusingly similar design to the protected Wenger Logo Design and the Wenger Emblem on or in connection with backpacks, travel gear, watches and other products.

2. All but one of the Defendants in the case are based overseas and while the U.S.-based defendant Swissdigital USA Co. Ltd. is organized under Delaware law, it does not appear to have any significant operations in the United States; and with the exception of its temporary presence in Las Vegas, Nevada, during the Licensing Expo, Defendant Fuzhou Hunter does not have any known regular place of business or assets in the United States.

3. The fact that the Licensing Expo is scheduled for three days from June 9-11, 2015, the showing made by Plaintiff of a likelihood of success on the merits and the threat of immediate irreparable harm from the conduct of Fuzhou Hunter and Hunter Li, individually, at the Licensing Expo, the temporary presence of Fuzhou Hunter and Hunter Li in the District of Nevada and the United States, are all grounds for issuing an *ex parte* temporary restraining order without prior notice to Defendant Fuzhou Hunter.

4. At this stage of the proceedings, and based on the Complaint and the representations made in Wenger's *Ex Parte* Motion for Temporary Restraining Order and supporting papers, Wenger has demonstrated a likelihood of success on the merits of its claims for infringement of its registered trademarks and copyright. Wenger has demonstrated that it owns valid copyright rights in the Wenger Logo Design, which can be seen below, and which is the subject of U.S. Copyright No. VA-1935912:



5.  Wenger has also demonstrated that it owns valid trademark rights in the Wenger Emblem, depicted below, which is the subject of U.S. Reg. No. 3,820,133 and 4,024,369 (among others):

 

6.  Although Wenger has not shown that Fuzhou Hunter is using trademarks with the term "SWISSGEAR" at the Licensing Expo 2015, Wenger has demonstrated that it owns valid trademark rights in marks containing the term SWISSGEAR, which are the subject of U.S. Reg. Nos. 3,769,824, among others.

7.  With regard to the Licensing Expo, Wenger has shown that it is likely to establish that Fuzhou Hunter's display of a logo on signage as well as on computer carrying cases and backpacks at the 2015 Licensing Expo, is infringing Wenger's copyright rights and trademark rights in the Wenger Logo Design and is also infringing Wenger's trademark rights in the Wenger Emblem.

8.  Unless restrained, the display, promotion, offers for sale, and/or sale of goods by Defendant Fuzhou Hunter at the Licensing Expo using the infringing logo design is likely to result in immediate and irreparable harm to Wenger in the form of loss of consumer goodwill, loss of control over its business reputation and intellectual property, damage to its distributorship relationships, and interference with Wenger's ability to exploit its U.S. trademarks and copyright. The likelihood of such harm is significant at the Licensing Expo,

which is a significant event for those involved in licensing branded products. The Licensing Expo is attended by prospective licensors and licensees seeking distributors, and license holders seeking to secure licensing arrangements for branded products and services, including buyers from distributors and retailers, who make or influence purchasing decisions. Wenger will be unable to effectively police the market and enforce its intellectual property rights if the Defendants are not restrained. Further, because Defendant Fuzhou Hunter has no known operations or assets in the United States, it may be difficult or impossible for Wenger to enforce a monetary judgment against it. For the foregoing reasons, Wenger has no adequate remedy at law.

9. The harm to Wenger in denying the requested temporary restraining order outweighs any possible harm to the legitimate interests of the Defendants that could be incurred from granting Wenger such relief.

10. The public interest weighs in favor of granting Wenger the requested temporary restraining order, including its interest in upholding intellectual property rights and avoiding consumer confusion.

11. Wenger is prepared to post a bond with the Clerk of the Court as security for payment of any damages the Defendants may be entitled to recover should it be determined that a temporary restraining order was improvidently granted.

12. For Defendants' alleged conduct apart from that at the Licensing Expo, Wenger has demonstrated a *prima facie* case that Defendants are infringing Wenger's rights in SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design. Defendants are advertising and offering for sale similar goods under marks infringing Wenger's trademark rights as those goods sold by Wenger under the trademark-protected Wenger Emblem and Wenger Logo Design, as well as under a mark which infringes the copyrighted Wenger Logo Design, thereby warranting the entry of an order scheduling briefing for a preliminary injunction hearing.

/ / /

/ / /

/ / /

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED that the Defendant Fuzhou Hunter, as well as its respective officers, agents, servants, employees, and all others acting in concert with them, as well as Defendant Hunter Li and all those acting in concert with him ("Restrained Parties"), are hereby temporarily enjoined and restrained from:

1. Using any reproduction, copy, colorable imitation or substantially or confusingly similar version (together, "Infringing Versions") of the Wenger Logo Design or the Wenger Emblem: (i) in any signage, display or promotional materials of any kind at the 2015 Licensing Expo being held from June 9-11, 2015 at the Mandalay Bay Convention Center located in Las Vegas, Nevada (the "Licensing Expo") or (ii) on or in connection with any goods or services displayed, promoted, sold or offered for sale at the Licensing Expo.

2. Using any reproduction, copy, colorable imitation or substantially or confusingly similar version of Wenger's SWISSGEAR marks: (i) in any signage, display or promotional materials of any kind at the 2015 Licensing Expo or (ii) on or in connection with any goods or services displayed, promoted, sold or offered for sale at the Licensing Expo.

IT IS FURTHER ORDERED that any Defendants may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order with prior notice to the Plaintiff.

IT IS FURTHER ORDERED that the Summons, Complaint, Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, the Declaration of John Pulichino, the Declaration of Jean-Daniel Bussard, the Declaration of Felix Rhyner, and the Declaration of Richard H. Brown, and the exhibits thereto, and this Order shall be served by the U.S. Marshals or private process servers on the Defendants or representatives of the Defendants, if found, at the Licensing Expo 2015 at the Mandalay Bay Convention Center, in Las Vegas, Nevada. For those Defendants not served at the Licensing Expo, the Court authorizes service of the foregoing papers by means reasonably calculated to give the Defendants actual notice of this action, which shall include via email (if an email address is known) and international courier service for non-U.S. Defendants. Wenger shall file proof of service in connection with any and all service methods made and

attempted.

　　　　IT IS FURTHER ORDERED that, at the time that Defendant Fuzhou Hunter is served with a copy of this Order at the Licensing Expo, Fuzhou Hunter shall: (a) immediately cover or remove from public display any signage bearing Infringing Versions of the Wenger Logo Design or the Wenger Emblem; (b) immediately remove all products bearing such Infringing Versions from view of the show's attendees for the remaining duration of the Licensing Expo 2015; and (c) permit Wenger's counsel and representatives to photograph or videograph Fuzhou Hunter's display area during the entirety of the Licensing Expo 2015 to assure that the Court's order is being adhered to by Fuzhou Hunter and its agents, and Hunter Li.

　　　　IT IS FURTHER ORDERED that the U.S. Marshals, a private process server retained by Wenger, and Wenger's counsel shall be permitted to enter the Licensing Expo at all such times as it is open to exhibitors for the purposes of executing this Order and monitoring the Restrained Parties' compliance with this Order.

　　　　Wenger agrees to and shall indemnify the United States Marshals Service and hold it harmless from any suit, claim, cause of action, damage, loss, or injury arising from the execution of this Order.

　　　　IT IS FURTHER ORDERED that Wenger shall deposit with the Clerk of the Court the amount of $7,500 or a $7,500 bond to secure this Temporary Restraining Order. To the extent Defendants believe additional security is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, Defendants shall so move the Court and shall provide notice to Wenger's counsel of such motion at time the motion is made.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for **June 24, 2015, at 2:30 p.m.** in Courtroom C, before the Hon. Judge Gordon. The Defendants shall file and serve any opposition to Wenger's motion for a preliminary injunction on or before **4:00 p.m.** (Pacific Time) on **June 19, 2015.** Wenger shall file and serve any reply in support of its motion for a preliminary injunction by **12:00 p.m.** (Pacific Time) on **June 23, 2015**.

**IT IS SO ORDERED.**

Dated: June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE