AMANDA C. YEN
Nevada Bar No. 9726
JOSEPH P. SCHRAGE
Nevada Bar No. 11270
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
E-mail:   ayen@mcdonaldcarano.com
          jschrage@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673)
(*pro hac vice to be submitted*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:    212.760.0098
E-mail:   dkeyhani@meredithkeyhani.com

*Attorneys for Defendants Swissdigital USA Co., Ltd., Krummholz International Inc., Swissgear Sarl, Zhijian "Hunter" Li, and Fuzhou Hunter Product Import and Export Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WENGER S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD.; SWISSDIGITAL USA CO., LTD.; KRUMMHOLZ INTERNATIONAL INC.; SWISSGEAR SALR; and ZHIJIAN "HUNTER" LI, <br><br> Defendants. | CASE NO.  2:15-cv-01098-GMN-NJK <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND PRELIMINARY INJUNCTION** <br> **AND** <br> **COUNTERMOTION TO DISMISS OR TRANSFER CASE TO THE WESTERN DISTRICT OF NEW YORK BASED ON THE FIRST TO FILE RULE** |

**I.    PRELIMINARY STATEMENT**

On June 10, 2015, plaintiff Wenger S.A. ("Wenger") filed an *ex parte* motion for temporary restraining order ("TRO") without notice and for preliminary injunction ("the Nevada Action") against defendants Fuzhou Hunter Product Import and Export Co., Ltd. ("Fuzhou Hunter"), Swissdigital USA Co., Ltd. ("Swissdigital"), Krummholz International Inc. ("Krummholz"),

Swissgear Sarl, and Zhijian "Hunter" Li.[1]  Plaintiff brought this action pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 7-5 asserting various claims on alleged rights in a number of trademarks and one copyright in a design of a mark ("Wenger Marks").

Plaintiff's *ex parte* initiated action brought under the cover of urgency is in fact a dispute that has been going on between the parties for almost two years in jurisdictions around the world and in the United States.  The action is already the subject of a declaratory judgment action brought by Defendants Krummholz and Swissdigital for the cancellation and declaration of invalidity and non-infringement of the Wenger marks[2] in federal district court in the Western District of New York ("First Filed Action").[3]  Plaintiff's story that it needed an emergency temporary restraining order to stop a "counterfeit" mark in the middle of the June 9-11, 2015 Licensing Expo in Las Vegas, Nevada ("Licensing Expo") is pure fabrication.  The First Filed Action relates to identical issues and identical marks now being asserted against the Defendants in this action.  Defendants have not attempted to conceal the use of their marks, but rather have sought and obtained federal trademark registration (Reg. No. 4462487) from the United States Patent and Trademark Office ("USPTO"). See below Swissdigital's Registered trademark design:



Swissdigital's U.S. Reg. No. 4462487

---

[1] Defendant Fuzhou Hunter was not served in this action, Mr. Li is not an officer, director, shareholder, nor has any ownership interest in Fuzhou Hunter. *See* attached declaration of Zhijian (Hunter) Li ("Li Decl.") at ¶ 6.

[2] Both cases involve the identical trademarks and copyright asserted in this action: U.S. Reg. Nos. 4301579, 4109108, 3291272, 3291271, 3291266, 3405840, 3820133, 4024369, 3769824, and 4230244 and copyright VA-1935912.

[3] *See Krummholz International, Inc. and Swissdigital USA Co., Ltd. v. Wenger S.A.*, Case No: 1:15-CV-86-WMS (WDNY), Complaint filed in the original action attached as **Exhibit 1**.

During the prosecution of this trademark and the opposition period in October of 2013, Plaintiff never opposed the registration of this mark and the trademark issued on January 7, 2014. *See* Li Decl. at ¶ 9 and attached **Exhibit A**, a true and correct copy of U.S. Reg. No. 4462487 printed from the USPTO website. Defendants have also filed trademark applications on two marks that are in dispute and for the past two years have openly displayed their marks in the U.S. and elsewhere, including at numerous tradeshows in the United States. Giving deference to the court in the First Filed Action, the USPTO suspended Defendants' pending trademark applications and Plaintiff's cancellation proceeding against Defendants' registered trademark to permit the court to decide the rights of the parties with respect to the marks.

Although Plaintiff has obtained trademark and copyright registrations in the United States for the marks being asserted, there are serious questions going to the validity of these marks and their validity has been challenged in the First Filed Action and in foreign jurisdictions throughout the world including the European Union, Germany, Switzerland, Russia, Norway, Iceland, and China. *See* Li Decl. at ¶ 11. In Switzerland, where the Plaintiff is located and claims it has gained its reputation, The Swiss Federal Institute of Intellectual Property ("SFIIP") *refused* to register "Swissgear" for Wenger because it found the term to be descriptive suggesting the origin of the goods, and geographically deceptive as it suggests the goods were made in Switzerland, and indicated it "***belongs to the public field***."[4] *See* Li Decl. at ¶ 12 and the SFIIP action attached as **Exhibit B**. Recently, the district court in Germany made a preliminary finding that Wenger's "Swissgear" mark, marks incorporating the Swiss flag, and related marks are misleading and constitute unfair competition. *See* Li Decl. at ¶ 13. China, Norway, Russia, Iceland, and other countries have also denied registration or cancelled registration of Wenger's "Swissgear" mark, marks incorporating the Swiss flag, and related marks. *See id.* at ¶ 14. Cancellation proceedings have also been initiated in the European Union for Wenger's "Swissgear" mark. *See id.*

Despite Plaintiff and its counsel being fully aware of the ongoing global dispute over the Wenger marks and undisputable overlap between the issues and claims in the First Filed Action and the Nevada Action, counsel for Plaintiff certified under Local Rule 7-5 that the Plaintiff's instant *ex*

---

[4] Because Plaintiff's travel goods – which are the subject of this dispute – are made in China – not Switzerland.

*parte* motion was warranted, fully depriving the Defendants an opportunity to be heard prior the issuance of the restraining order in this case on June 10, 2015.  In their surreptitious action, they misled the court by burying a reference to the First Filed Action in a footnote.[5]  In an attempt to conceal the fact that this action squarely overlaps with the First Filed Action, Plaintiff added three immaterial parties:  Hunter Li, the owner of Krummholz and Swissdigital (parties in the First Filed Action), the Chinese manufacturer (Fuzhou Hunter)[6] for Swissdigital's products who does not sell any products in the United States but only manufactures the products sold by Swissdigital in the United States  (*see* Li Decl. at ¶ 6), and Swissgear Sarl, an entity located in Switzerland that does not sell any products in the United States (Li Decl. at ¶ 4).

Plaintiff's action in bringing an identical dispute guised as an emergency matter requiring *ex parte* filing of motion papers with this Court to illicit a restraining order without the presence of Defendants on issues already pending before another federal court is wholly improper and an abuse of process.  Furthermore, given full knowledge of all the facts above, Plaintiff's counsel's Local Rule 7-5 certification to file the instant motion *ex parte* could not have been done in good faith.  Accordingly, this case should be dismissed or, in the alternative, transferred to the venue of the First Filed Action, and Plaintiff and its counsel should reimburse the Defendants the entire bond posted by the Plaintiff, and pay Defendants' attorneys' fees and costs associated with responding to this action and motion.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

### A.  Plaintiff and its counsel's *ex parte* TRO is an abuse of Federal Rule of Civil Procedure 65(b) and Local Rule 7-5.

Plaintiff and its counsel violated Rule 65(b) and Local Rule 7-5.[7]  Under Federal Rule of Civil Procedure 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss,

---

[5] Hunter Li owns the entities Krummholz and Swissdigital and is not an officer, director, shareholder nor has any ownership interest in Fuzhou Hunter.  Swissgear Sarl, based out of Switzerland, is another entity owned by Mr. Li which does not do business in the U.S. and had no presence at the 2015 Licensing Expo tradeshow in Las Vegas.
[6] Plaintiff deceptively use the term "Fuzhou Hunter Entities" to direct attention away from the primary defendants (Krummholz and Swissdigital) who have already brought these very same claims before a federal court in New York six months ago on a declaratory judgment action.
[7] "[A]n attorney does not simply act as an advocate for his client; he is also an officer of the court." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1119 (9th Cir. 2000) (asserting that "an attorney has a duty of good faith and candor in dealing with the judiciary.").

or damage will result to plaintiff without a temporary restraining order. *See* Fed. R. Civ. P. 65(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *See Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006); *Winnemucca Indian Colony v. U.S. ex rel. Dep't of the Interior*, 837 F. Supp. 2d 1184, 1188 (D. Nev. 2011); *Genufood Energy Enzymes Corp. v. Taiwan Cell Energy Enzymes Corp.*, No. 2:13-CV-00435-RCJ, 2013 WL 1413121, at *2 (D. Nev. Apr. 5, 2013).

With respect to *ex parte* relief under Rule 65, the standard is "very stringent" and "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *See Reno Air Racing,* 452 F.3d at 1130; *Granny Goose Foods, Inc. v. Bdh of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974); *Conair Corp. v. Le Angelique, Inc.*, No. 2:14-CV-01149-RCJ, 2014 WL 4634269, at *2 (D. Nev. Sept. 15, 2014). Indeed, the Ninth Circuit "has cautioned that there are very few circumstances justifying the issuance of an *ex parte* TRO." *See Reno Air Racing*, 452 F.3d at 1131; *Lund v. Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates*, No. 2:11-CV-00384-RLH, 2011 WL 2470580, at *2 (D. Nev. June 21, 2011)("[t]he Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard."). For example, an *ex parte* TRO may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Reno Air Racing*, 452 F.3d at 1131 (holding that *ex parte* TRO was improper because the plaintiff knew where the defendant could be located and never suggested that notice would have been impossible).

In addition to the requirements of Rule 65(b), the district of Nevada Rule 7–5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications, or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties." *Riley v. Greenpoint Mortgage Funding*, No. 2:10-CV-1873-RLH-RJJ, 2010 WL 4366140, at *1 (D. Nev. Oct. 28, 2010). A district court may impose sanctions for a failure to comply with Rule 65(b) or Local Rule 7-5. *See e.g.*, *Pac. Harbor Capital, Inc.*, 210 F.3d at 1117-18 (affirming district court's

imposition of sanctions after attorney obtained *ex parte* TRO in bad faith in part by failing to notify court of pending litigation in another jurisdiction); *Kwok v. v. Recontrust Co., N.A.,* No. 209-CV-02298-RLH, 2010 WL 3894183, at *3 (D. Nev. Sept. 29, 2010)(requiring counsel to show cause as to why the Court should not impose sanctions for filing spurious and unfounded motions that failed to comply with Rule 65(b) or Rule 7-5); *China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*, No. CV 02-5493 LGB JWJX, 2003 WL 21982477, at *12 (C.D. Cal. Mar. 12, 2003)("Defendant may be sanctioned under Section 1927 for . . . multip[lying] the proceedings unreasonably and vexatiously . . . and opposing Plaintiff's motion to dismiss or transfer.").

Here, Wenger's basis for *ex parte* relief is not supported in fact and was not made in good faith. Wenger's counsel's certification that it was unaware Fuzhou Hunter would be infringing Wenger's intellectual property rights at the Licensing Expo until June 9, 2015 is patently untrue. Indeed, Wenger and its counsel are well aware of the ongoing dispute between the parties. The parties have been engaged in litigation in another district court for months, making Wenger's failure to provide Defendants with notice and an opportunity to be heard inexcusable. *See* Li Decl. at ¶¶ 7-8. Notably, the Declaration of John Pulichino in support of Plaintiff's *ex parte* motion was executed on June 7, 2015, which is inconsistent with Plaintiff's assertion that it was unaware that Defendant Fuzhou Hunter would be infringing Wenger's intellectual property rights at the Licensing Expo until June 9, 2015. Not to mention the obvious fact that Plaintiff's counsel's substantial briefing on the matter and preparation of declarations was clearly not initiated on June 9, but at least weeks prior.

**B.    The first to file rule applies in this instance because a similar case with substantially similar issues is currently being litigated in the Western District of New York.**

The first to file rule allows a district court to dismiss or transfer proceedings if a similar case with substantially similar issues and parties was previously filed in another district court. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, No. 13-55023, 2015 WL 3499923, at *2 (9th Cir. June 4, 2015). The first to file rule applies "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991). A court considers three factors in analyzing whether the first to file rule applies: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn Law*,

6

2015 WL 3499923, at *2; *Williamson v. Am. Mastiff Breeders Council*, No. 308-CV-336-ECR-VPC, 2009 WL 634231, at *3 (D. Nev. Mar. 6, 2009). When applying the first to file rule, courts should be driven to maximize "economy, consistency, and comity." *Kohn Law*, 2015 WL 3499923, at *2. The first to file rule "should not be disregarded lightly." *See Williamson*, 2009 WL 634231, at *3; *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008)("[a]bsent an exception to the first-to-file rule, a court of second-filing will defer to a court of first-filing.").

### 1. The Western District of New York action predates the Nevada Action

In assessing the chronology of the lawsuits, a court looks at where the first complaint was filed. *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). "In making this determination, the court should employ the date on which the original, rather than the amended, complaint was filed." *See id.*

Here, Defendants filed their original complaint in the Western District of New York on January 29, 2015. Plaintiffs did not file their lawsuit in the District of Nevada until June 10, 2015. Thus, Defendants' action in the Western district of New York satisfies the chronology factor.

### 2. The parties in both lawsuits are substantially similar

The parties in the actions need not be identical, but only "substantially similar" to satisfy the first to file rule. *Kohn Law Group*, 2015 WL 3499923, at *2; *Nesbit v. Fornaro*, No. 2:11-CV-00092-PMP, 2011 WL 1869917, at *3 (D. Nev. Mar. 31, 2011). The rule requires only that "some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *See Intersearch Worldwide, Ltd*, 544 F. Supp. 2d 949, n.6; *StemCells, Inc. v. Neuralstem, Inc.*, No. C 08-2364 CW, 2008 WL 2622831, at *4 (N.D. Cal. July 1, 2008)(***cautioning against giving weight to additional parties or claims artificially being added to avoid declaratory judgment jurisdiction***); *cf. Kohn Law Group*, 2015 WL 3499923, *3 (asserting that "[a] contrary holding could allow a party . . . to skirt the first to file rule merely by omitting one party from a second law suit" and that this rule "avoids such gamesmanship.") This factor is satisfied when the "additionally named defendants . . . are merely derivative manufacturers of the primary parties." *See Guthy-Renker Fitness*, 179 F.R.D. at 270.

Here, the only parties that differ between the two lawsuits are Swissdigital's manufacturer, Fuzhou Hunter, Mr. Li, the owner of Krummholz and Swissdigital, and Swissgear Sarl, another entity owned by Mr. Li which does not do business in the U.S.  Plaintiff's attempt to add these immaterial parties as Defendants to create the appearance of a distinct lawsuit is contrary to both the substance and spirit of the law and precisely the type of gamesmanship this rule seeks to avoid.  As the primary parties in both actions are the same, this factor is satisfied.

### 3. The issues in both lawsuits are substantially similar

As with the determination of the sameness of parties, the issues in each action need only be substantially similar.  *See Williamson*, 2009 WL 634231, at *3.  Claims are considered substantially similar when the resolution of the claims will turn on similar determinations of fact.  *Id.; Seattle Pac. Indus. Inc. v. Levi Strauss & Co.*, No. C97-1282D, 1997 WL 876921, at *3 (W.D. Wash. Dec. 12, 1997)(finding issue similarity satisfied when"…when the only additional claims can be raised as counterclaims in the first filed action."); *King v. Standard Metals Processing, Inc*., No. 2:14-CV-751 JCM NJK, 2014 WL 6908497, at *4 (D. Nev. Dec. 9, 2014)(asserting that varying claims were substantially similar when all claims depended on the validity of a contract amendment); *Gunnar Optiks, LLC v. Mad Panda, LLC*, No. 3:14-CV-1938 BTM KSC, 2015 WL 1013775, at *2 (S.D. Cal. Mar. 9, 2015)(finding the sameness requirement satisfied where one action asked for declaratory relief and the other involved infringement claims of the same patent).

Here, all the claims revolve around the same trademarks and copyright and thus turn on similar determinations of fact.[8]  All of Wenger's claims in the Nevada Action depend on the validity of their trademarks and copyright, which is precisely the subject of the First Filed Action.  As the claims in each of these two actions depend on the resolution of the same issue—the validity of Plaintiff's trademarks and copyright—this factor is satisfied.  Accordingly, all of the first to file

---

[8] Defendants Krummholz and Swissdigital's declaratory judgment action includes claims of cancellation of trademark registrations, invalidity/unenforceability of trademarks and copyright, and non-infringement of trademarks and copyrights. Plaintiff's preliminary injunction includes state and federal trademark infringement, copyright infringement, trademark dilution, common law unfair competition, and cancellation of Swissdigital's trademark registration for U.S. Reg. No. 4462487. All claims in both actions involve the identical trademarks and copyright: U.S. Reg. Nos. 4301579, 4109108, 3291272, 3291271, 3291266, 3405840, 3820133, 4024369, 3769824, and 4230244 and copyright VA-1935912.

factors weigh in favor of dismissing this action or transferring the case to the Western District of New York.

### C.     An exception to the first to file rule does not apply

Departure from the first to file rule is an exception only to be used in "rare or extraordinary circumstances." *See Knedlik v. Lincoln Inst. Of Land Policy*, 883 F.2d 1024, at *4 (9th Cir. 1989). An exception to the first to file rule may be made if a plaintiff has: (1) filed an anticipatory lawsuit; (2) acted in bad faith; or (3) engaged in forum shopping. *See Alltrade Inc.,* 946 F.2d at 628; *Palantir Technologies, Inc. v. Palantir.net, Inc*., No. C 07-03863 CRB, 2007 WL 2900499, at *1 (N.D. Cal. Oct. 2, 2007).

#### 1.     The First Filed Action was not anticipatory

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Guthy-Renker Fitness* 179 F.R.D. at 271. In recognizing this exception to the first to file rule, courts seek to eliminate the race to the courthouse in an attempt to preempt a later suit in another forum. *See id.* The defendant in the first action must affirmatively indicate that a suit is imminent to trigger this exception. *See Williamson*, 2009 WL 634231, at *3; *Bryant v. Oxxford Express, Inc.,* 181 F.Supp.2d 1045, 1048–49 (C.D. Cal. 2000) (finding that the anticipatory suit exception did not apply because the defendant's letter to the plaintiff did not indicate that a lawsuit was imminent and the plaintiff already had a preexisting motive to go to court); *Guthy–Renker Fitness,* 179 F.R.D. at 271 (asserting that the defendant's letter informing the plaintiff about possible patent infringements did not show imminently threatened litigation); *cf. Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967) (holding that a suit was anticipatory where the defendant had sent a letter to the plaintiff threatening suit in a specific forum if the plaintiff did not consent to jurisdiction in a different forum); *Sony Computer Entm't America, Inc. v. America Medical Response Inc*., No. C06-06603-CW, 2007 WL 781969, at *1 (N.D. Cal. Mar. 13 2007) (finding initial filing to be anticipatory where the defendant in the first suit had sent a draft complaint to the plaintiff and threatened to file by a certain date). Moreover, a reasonable apprehension that a controversy exists sufficient to satisfy the requirements for a declaratory judgment action is not equivalent to an imminent threat of litigation. *Intersearch Worldwide, Ltd*.,

544 F. Supp. 2d at 960 (citing *Guthy-Renker Fitness*, 179 F.R.D. at 272) ("a declaratory judgment action is an appropriate vehicle 'to alleviate the necessity of waiting indefinitely for a [trademark] owner to file an infringement action.'"); *Volunteers for Catholic Organizations v. Superior Council of the United States*, No. C13-00281-PSG, 2013 WL 4533782, at *1 (N.D. Cal. Aug. 26, 2013)(holding that declaratory judgment action filed by a plaintiff within weeks of receiving a cease and desist letter was not anticipatory "or else nearly every declaratory judgment action would be anticipatory.").

Here, Defendants Krummholz and Swissdigital brought their declaratory judgment action against Wenger because of legal uncertainty associated with Defendants' use of their marks stemming from a threat from a licensee of Wenger at the TGA show in Phoenix, Arizona. The licensee did not indicate that a lawsuit was imminent nor indicate that a suit would be filed on a specific date or in a specific venue. Further, Defendants were never provided a draft complaint or letter from Plaintiff indicating an imminent action. Moreover, Defendants' filing—ten months later—did not amount to a race to the courthouse that this exception contemplates.

### 2. Defendants did not act in bad faith or engage in forum shopping

Defendants Krummholz and Swissdigital did not act in bad faith or engage in forum shopping when filing their declaratory judgment action in the Western District of New York. Filing a complaint where a party resides does not amount to bad faith forum shopping. *See Gunnar Optiks*, 2015 WL 1013775, at 3. Also, the mere act of seeking a declaratory judgment should not be construed as bad faith. *Supervalu, Inc. v. Executive Dev. Sys., Inc*., No. CV-06-329-S-BLW, 2007 WL 129039, at *3 (D. Idaho Jan. 12, 2007)("[c]ourt[s] cannot construe the bad faith requirement so broadly as to eviscerate a party's right to seek declaratory judgment.").

Here, Defendant Swissdigital has a principal place of business located in Richmond Hill, Ontario, Canada and Defendant Krummholz is also located at the same address. The Western District of New York Buffalo Division is the closest available U.S. forum to both Swissdigital and Krummholz. Therefore, filing their complaint there did not amount to bad faith forum shopping but instead represents an effort to seek relief from the closest, most convenient venue. Additionally, Defendants sought declaratory judgment relief in good faith after a credible threat. Therefore, no

exception to the first to file rule applies in this case and the Court should either dismiss the Nevada Action or transfer it to the Western District of New York.

### III. CONCLUSION

For the reasons discussed herein, Defendants respectfully request that the Court deny Plaintiff's *ex parte* application for TRO/preliminary injunction and dismiss or, in the alternative, transfer this case to the Western District of New York. Additionally, for improperly filing the instant second action and motion under Rule 65(b) and Local Rule 7-5, Defendants respectfully request that the Court reimburse the Defendants the entire bond posted by the Plaintiff, and order the Plaintiff pay Defendants' attorneys' fees and cost associated with responding to this motion.

RESPECTFULLY SUBMITTED this 19th day of June, 2015.

McDONALD CARANO WILSON LLP

By: */s/ Amanda C. Yen*
AMANDA C. YEN (# 9726)
JOSEPH P. SCHRAGE (#11270)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
E-mail:   ayen@mcdonaldcarano.com
         jschrage@mcdonaldcarano.com

DARIUSH KEYHANI (DK9673)
(*pro hac vice to be submitted*)
MEREDITH & KEYHANI, PLLC
330 Madison Avenue, 6th Floor
New York, New York 10017
Telephone:  212.760.0098
E-mail:   dkeyhani@meredithkeyhani.com

*Attorneys for Defendants Swissdigital USA Co., Ltd., Krummholz International Inc., Swissgear Sarl, and Zhijian "Hunter" Li*

LVDOCS-#336798

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 19th day of June, 2015, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND PRELIMINARY INJUNCTION AND CROSS-MOTION TO DISMISS OR TRANSFER CASE TO THE WESTERN DISTRICT OF NEW YORK BASED ON THE FIRST TO FILE RULE** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification and via email as a PDF attachment, as follows:

>Richard H. Brown, Esq.
>rbrown@daypitney.com
>David I Greenbaum, Esq.
>dgreenbaum@daypitney.com
>DAY PTINEY LLP
>7 Times Square, 20th Floor
>New York, NY  10036
>*Attorneys for Plaintiff*

>*/s/ Della Sampson*
>An employee of McDonald Carano Wilson LLP