**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WENGER S.A., )
)
           Plaintiff, )   Case No.: 2:15-cv-01098-GMN-NJK
   vs. )
)    **ORDER**
FUZHOU HUNTER PRODUCT IMPORT )
AND EXPORT CO., LTD.; SWISSDIGITAL )
USA CO., LTD.; KRUMMHOLZ )
INTERNATIONAL INC.; SWISSGEAR )
SARL; and ZHIJIAN "HUNTER" LI, )
)
           Defendants. )
)

     Pending before the Court is the Motion for Preliminary Injunction (ECF No. 3) and *ex* filed by Wenger S.A. ("Wenger") on June 10, 2015. On that same day, Judge Andrew P. Gordon granted Wenger's *ex parte* Motion for Temporary Restraining Order (ECF No. 2). Wenger has alleged that Defendants Fuzhou Hunter Product Import and Export Co., Ltd., Swissdigital USA Co., Ltd., Krummholz International Inc., Swissgear Sarl, and Zhijian Li (collectively "Defendants") have, *inter alia*, committed trademark and copyright infringement. (Complaint, ECF No. 1).

     In order to succeed on its motion, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

     Irreparable harm is not presumed given likelihood of success on the merits, rather

preliminary injunctions in copyright and trademark cases require that Wenger establish the likelihood of irreparable harm. *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Accordingly, while "loss of control over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Id.* at 1250.

In *Herb Reed,* evidence of harm from the alleged infringement was "an email from a potential customer complaining to [defendant's] booking agent that the customer wanted Herb Reed's" services, instead of a competitor's. *Id.* The panel found this evidence merely underscored customer confusion, not irreparable harm, and noted that "[g]one are the days when 'once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue.'" *Id.* (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987)). Instead, the panel explained, "[t]hose seeking injunctive relief" must do more than just state or argue they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm." *Id.* at 1251.

However, in *Life Alert Emergency Response, Inc. v. LifeWatch, Inc.*, the Ninth Circuit found that a likelihood of irreparable harm had been established when the record evidence included "a declaration reporting numerous and persistent complaints from would-be customers who received robo-calls for what they believed were [the plaintiff's] products." 601 Fed. Appx. 469, 473–74 (9th Cir. 2015). Moreover, the plaintiff "submitted emails and social media posts from consumers," which "substantiat[ed] the threat to [the plaintiff]'s reputation and goodwill." *Id.* at 474. Although the defendant argued that the plaintiff could not show that the defendant was to blame, the panel held that the defendant's "involvement with the infringing calls can be inferred from its role in approving scripts and monitoring sales calls, the existence of an infringing script belonging to [the defendant]'s telemarketing partner, and declarations of

customers who were sold [the defendant's] products by agents reciting [the plaintiff's] slogan." *Id.*

Here, Wenger has failed to present any evidence with its motion, apart from declarations containing conclusory statements, showing a likelihood of irreparable harm. Instead Wenger merely argues that

> Wenger is likely to suffer irreparable harm to its reputation and the goodwill it has established in its famous Marks….Unless…Defendants are enjoined going forward, buyers are likely to mistakenly believe that the Defendants' products are authorized or otherwise associated with Wenger, creating confusion as to their source. Such uncertainty could deter prospective buyers' interest in the Wenger products altogether.

(Mot. for PI 23:5–14, ECF No. 3). Moreover, Wenger contends that, because it has "long had a reputation for high quality products backed by warranties and excellent customer service[,]…[i]t would be unjust to permit Defendants to free ride off that investment by trading on Wenger's intellectual property." (*Id.* 24:11–15). Further, Wenger argues that, because it has a reputation for high quality products backed by generous warranties, allowing Defendants "to distribute their counterfeit products to end user consumers who buy based on the Wenger reputation will likely lead to destruction of the Wenger brand and goodwill associated with its trademarks." (*Id.* 24:19–23).[1]  "[S]peculation on future harm, [however,] does not meet the standard of showing 'likely' irreparable harm." *Herb Reed Enterprises*, 736 F.3d at 1250. Currently, there is no evidentiary showing before the Court demonstrating a likelihood that Plaintiff will be harmed in the way it alleges in its motion. The Court cannot grant this motion without such a showing.

Accordingly,

---

[1] The remaining argument regarding irreparable harm pertains to anticipated harm at the Licensing Expo that concluded before the hearing on the instant Motion. (*See* Mot. PI 23:20–24:10).

1   **IT IS HEREBY ORDERED** that Motion for Preliminary Injunction (ECF No. 3) is **DENIED without prejudice**.

**DATED** this 30th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge