## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENGER S.A., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| FUZHOU HUNTER PRODUCT IMPORT AND | ) |
| EXPORT CO., LTD., KRUMMHOLZ | ) |
| INTERNATIONAL, INC., SWISSDIGITAL | ) |
| USA CO., LTD., SWISSGEAR SARL, and | ) |
| ZHIJIAN "HUNTER" LI, | ) |
| | ) |
| *Defendants*. | ) |

Civil Action No. 1:15-cv-00637-WMS-HKS

## MEMORANDUM IN SUPPORT OF FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD. AND SWISSGEAR SARL'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................................1

II.  PRELIMINARY STATEMENT.............................................................................1

III. ARGUMENT.........................................................................................................3

    A.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)........................3

    B.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Lanham Act
        Claims..................................................................................................................4

        1.   Plaintiff's Failure to Meet the Extraterritorial Application Test Vitiates
            Lanham Act Jurisdiction Over Defendants.................................................4

            a.   Defendants Are Not United States Citizens....................................6

                i.   Swissgear Sarl Lacks U.S. Citizenship..............................6

                ii.  Fuzhou Hunter Lacks U.S. Citizenship..............................7

            b.   A Conflict Exists Between Defendants' Trademark Rights Under
                Foreign Law and Plaintiff's Rights Under Domestic Law.............7

                i.   Swissgear Sarl's Trademark Rights Under Foreign Law
                    Conflict With U.S. Law......................................................8

                  ii.  Fuzhou Hunter's Trademark Rights Under Foreign Law
                      Conflict With U.S. Law....................................................10

             c.   Defendants' Conduct Does Not Have a Substantial Effect on U.S.
                Commerce.......................................................................................11

                i.   Swissgear Sarl's Conduct Does Not Have a Substantial
                      Effect on U.S. Commerce..................................................13

                  ii.  Fuzhou Hunter's Conduct Does Not Have a Substantial
                      Effect on U.S. Commerce..................................................14

             d.   Conclusion....................................................................................16

    C.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Copyright Act
        Claims................................................................................................................17

        1.   Plaintiff's Failure to Allege an Exception to the Extraterritorial
            Application Rule Vitiates Copyright Act Jurisdiction Over Both
             Defendants................................................................................................17

a.   The Court Should Decline to Exercise Subject Matter Jurisdiction Over Copyright Act Claims Against Swissgear Sarl.....................19

b.   The Court Should Decline to Exercise Subject Matter Jurisdiction Over Copyright Act Claims Against Fuzhou Hunter.....................19

c.   Conclusion......................................................................................20

D.   The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Once the Federal Claims Have Been Dismissed.....................21

IV.   CONCLUSION.............................................................................................................22

## TABLE OF AUTHORITIES

**CASES**

*A. V. by Versace, Inc. v. Gianni Versace, S.p.A,* 126 F. Supp. 2d 328 (S.D.N.Y. 2001)............... 5

*Ahbez v. Edwin H. Morris & Co., Inc.*, 548 F. Supp. 664 (S.D.N.Y. 1982)................................ 17

*Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 955 F. Supp. 220, 227 (S.D.N.Y. 1997)

................................................................................................................................ passim

*Am. White Cross Labs., Inc. v. H.M. Cote, Inc.,* 556 F. Supp. 753 (S.D.N.Y. 1983).............. 8, 10

*APWU v. Potter,* 343 F.3d 619 (2d Cir. 2003)............................................................................. 3

*Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628 (S.D.N.Y. 2000).................................. 18

*Atl. Richfield Co. v. Arco Globus Int'l Co.*, 150 F.3d 189 (2d Cir. 1998) ............................ passim

*Calvin Klein Indus., Inc. v. BFK Hong Kong, Ltd.,* 714 F.Supp. 78 (S.D.N.Y.1989)................... 6

*Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343 (1988) ............................................................. 21

*C-Cure Chem. Co. v. Secure Adhesives Corp.*, 571 F. Supp. 808 (W.D.N.Y. 1983) .................... 5

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, No. 15 CIV. 6820 (JSR), 2016 WL

398221 (S.D.N.Y. Feb. 1, 2016) ............................................................................................ 4

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.,* No. 96 CIV. 1103 (MBM), 1996 WL 724734

(S.D.N.Y. Dec. 17, 1996).............................................................................................. 17, 18

*Guadagno v. Wallack Ader Levithan Assoc.,* 932 F. Supp. 94 (S.D.N.Y. 1996)........................... 4

*Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136 (S.D.N.Y. 2011)....................................... 12

*Hutson v. Notorious B.I.G., LLC*, No. 14-CV-2307 (RJS), 2015 WL 9450623 (S.D.N.Y. Dec. 22,

2015) .................................................................................................................................. 17

*Int'l Cafe v. Hard Rock Cafe Int'l*, 252 F.3d 1274 (11th Cir. 2001) ........................................... 8

*JMC Rest. Holdings, LLC v. Pevida*, No. 14CV6157WFKVMS, 2015 WL 9450597 (E.D.N.Y.

Dec. 22, 2015).............................................................................................................. 14, 16

*Juicy Couture, Inc. v. Bella Int'l, Ltd.*, 930 F. Supp. 2d 489 (S.D.N.Y. 2013) ............... 5, 6, 7, 12

*Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255 (2d Cir. 2006) ............. 21

*Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381 (S.D.N.Y. 2011) ................................ 21

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000) .............................................................. 3

*Nike, Inc. v. Already, LLC*, 663 F.3d 89 (2d Cir. 2011), *aff'd*, 133 S. Ct. 721 (2013) .................. 3

*Perfect 10, Inc. v. Yandex N.V.,* 962 F. Supp. 2d 1146 (N.D. Cal. 2013) .................................... 18

*Robert Stigwood Group Ltd. v. O'Reilly,* 530 F.2d 1096 (2d Cir. 1976) ...................................... 18

*Steele v. Bulova Watch Co.,* 344 U.S. 280 (1952) ..................................................................... 5, 7

*Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733 (2d Cir. 1994).................................................. 6, 11

*Sweat v. Sheehan*, 235 F.3d 80 (2d Cir. 2000)............................................................................... 3

*Topps Co. v. Cadbury Stani S.A.I.C.,* 526 F.3d 63 (2d Cir. 2008).................................................. 5

*Totalplan Corp. of Am. v. Lure Camera Ltd.*, No. 82-CV-0698E(M), 1993 WL 117504

  (W.D.N.Y. Apr. 12, 1993) ......................................................................... 12, 14, 16

*Totalplan Corp.*, 14 F.3d 824 (2d Cir. 1994)........................................................................... 8, 11

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) ......................................... 17,18

*Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956)........................................... passim

*Warnaco Inc. v. VF Corp.,* 844 F. Supp. 940 (S.D.N.Y. 1994)............................................ 12, 16

*Zappia Middle E. Constr. Co., Ltd.,* 215 F.3d 247 (2d Cir. 2000) ................................................. 4

## STATUTES

28 U.S.C. § 1338(a) ...................................................................................................................... 17

28 U.S.C. § 1367(a) ...................................................................................................................... 21

28 U.S.C. § 1367 (c)(3)................................................................................................................. 21

**TREATISES**

5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:58 (4th ed.) ........................... 11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENGER S.A., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| FUZHOU HUNTER PRODUCT IMPORT AND | ) Civil Action No. 1:14-cv-00637-WMS-HKS |
| EXPORT CO., LTD., KRUMMHOLZ | ) |
| INTERNATIONAL, INC., SWISSDIGITAL | ) |
| USA CO., LTD., SWISSGEAR SARL, and | ) |
| ZHIJIAN "HUNTER" LI, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD. AND SWISSGEAR SARL'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.     INTRODUCTION**

Defendants Swissgear Sarl and Fuzhou Hunter Product Import and Export Co., Ltd. ("Fuzhou Hunter") hereby move to dismiss for lack of subject matter jurisdiction Plaintiff Wenger S.A.'s ("Wenger") Lanham Act, Copyright Act, and supplemental state law claims.

**II.     PRELIMINARY STATEMENT**

On June 10, 2015, Plaintiff filed a Complaint against Defendant companies Swissgear Sarl, Fuzhou Hunter, Swissdigital USA Co., Ltd. ("Swissdigital"), and Krummholz International, Inc. ("Krummholz"), asserting various claims under the Lanham Act and Copyright Act.[1]  *See* Compl. ¶¶ 1–5 (**Dkt. # 1**).  In its Complaint, Plaintiff lumps together these four Defendants— citizens of different countries, operating in various global locations and engaged in diverse

---
[1] Plaintiff also included in the complaint Defendant Zhijian (Hunter) Li, the president of Swissdigital, Krummholz, and Swissgear Sarl. *See* Compl. ¶¶ 3–5.

1

business activities—into a single, vague group, the "Fuzhou Hunter Entities." *See id.* ¶ 9. Plaintiff, inaccurately and misleadingly linking together the defendants and their activities, asserts that the "Fuzhou Hunter Entities" have violated U.S. law through their alleged infringement of Plaintiff's "Swissgear" and Wenger Emblem marks and Plaintiff's Wenger Logo Design. *See id.* ¶¶ 16–55.

Defendants Swissgear Sarl and Fuzhou Hunter, foreign citizens with no presence in the United States, now move to dismiss for lack of subject matter jurisdiction all claims against them. Swissgear Sarl is a limited liability company organized and existing under the laws of Switzerland, with its principal place of business in Switzerland. *See id.* ¶ 5. Swissgear Sarl is a Swiss technology company that makes products including digital watches, backpacks, and wallets. *See* Declaration of Zhijian "Hunter" Li, ¶ 4 (December 22, 2016). It does no business in the United States, nor does it make, sell, or offer for sale any of its products in this country. *Id*. at ¶ 5. Further, Swissgear Sarl owns in its home country of Switzerland a valid trademark for its "Swissgear" mark, while Plaintiff's competing mark has been denied registration by the Swiss Federal Institute of Intellectual Property and has been cancelled by the European Union Intellectual Property Office. *See* Li Decl. Exhibits B, C, at ¶¶ 8-10. Plaintiff has neither pled nor put forth sufficient evidence to support this Court's extraterritorial application of the Lanham Act or Copyright Act over Swissgear Sarl.

Likewise, Fuzhou Hunter is a company organized under the laws of the People's Republic of China, with its principal place of business in China. *See* Compl. ¶ 2. Fuzhou Hunter is a manufacturing agent that does not manufacture, offer for sale, or sell any products. *See* Declaration of Shuxin Huang, ¶¶ 3-5 (December 22, 2016). The company operates exclusively in China, where it coordinates production requests between importers outside of China and

manufactures in China, delivery of products between manufacturers and international shipping companies.  *Id.* at 4.  Fuzhou Hunter has, in the past, attended tradeshows in the United States to market and promote its services.  *Id.* at 6.  But it has never sold or displayed products bearing Plaintiff's trademarks or copyrighted designs in the U.S.  *Id.* at 4, 7.  Moreover, contrary to Plaintiff's allegations, Fuzhou Hunter did not attend or have any presence at the June 9-11, 2015 Licensing Expo in Las Vegas.  *Id.* at 7.  Rather, Fuzhou Hunter rented its booth at the Expo to Swissdigital so that they could secure a desirable space and better pricing.  *Id.*  Plaintiff has thus failed to demonstrate that this Court may apply the Lanham Act or Copyright extraterritorially against Fuzhou Hunter.

Plaintiff's assertion that this Court has subject matter jurisdiction over the claims against Swissgear Sarl and Fuzhou Hunter is not supported in fact or law.  Accordingly, the Court should grant Defendants' motion to dismiss in its entirety.

## III.   ARGUMENT

### A.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)

When a district court does not have statutory or constitutional authority to adjudicate a matter, the case may be properly dismissed under Fed. R. Civ. P. 12(b)(1).  *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011), *aff'd*, 133 S. Ct. 721 (2013).  A plaintiff asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence.  *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff must make this showing affirmatively—jurisdiction may *not* be favorably inferred from the pleadings.  *See APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003).  Thus, although a court considering a Rule 12(b)(1) challenge must accept a complaint's factual allegations as true, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations."  *See Sweat v. Sheehan*, 235

3

F.3d 80, 83 (2d Cir. 2000); *Guadagno v. Wallack Ader Levithan Assoc.,* 932 F. Supp. 94, 95 (S.D.N.Y. 1996).  In resolving the question of subject matter jurisdiction, the court has the power and obligation to decide issues of fact by reference to "evidence outside the pleadings, such as affidavits."  *Zappia Middle E. Constr. Co., Ltd.,* 215 F.3d 247, 253 (2d Cir. 2000).

**B.      The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Lanham Act Claims**

In its Complaint, Plaintiff alleges that Swissgear Sarl and Fuzhou Hunter have engaged in trademark counterfeiting; trademark infringement; trademark dilution; unfair competition; false advertising; and false designation of origin under the Lanham Act.  *See* Compl. ¶ 8.  In bringing these claims, Plaintiff seeks to apply the Lanham Act to the foreign activities of foreign Defendants: Swissgear Sarl, a citizen of Switzerland, does not do any business nor make or sell any products in the United States.  *See* Li Decl. ¶¶ 4-5.  Likewise, Fuzhou Hunter, a citizen of the People's Republic of China, does not offer for sale, sell, or manufacture any products in this country.  *See* Huang Decl. ¶¶ 3-5.  Plaintiff, however, has not demonstrated—affirmatively or otherwise—that the Lanham Act may be applied extraterritorially to either Defendant.  Because Plaintiff has failed to meet its burden of proving the Court's subject matter jurisdiction over these claims, the Court should dismiss the claims pursuant to Rule 12(b)(1).

**1.      Plaintiff's Failure to Meet the Extraterritorial Application Test Vitiates Lanham Act Jurisdiction Over Defendants**

A court may not apply the Lanham Act extraterritorially to adjudicate the validity or ownership status of foreign trademarks.  *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, No. 15 CIV. 6820 (JSR), 2016 WL 398221, at 2 (S.D.N.Y. Feb. 1, 2016).  "This is because it is firmly settled that '[a] trademark has a separate legal existence under each country's laws, and trademark rights exist in each country solely according to that nation's laws.'"  *Id.* (quoting

*Topps Co. v. Cadbury Stani S.A.I.C.,* 526 F.3d 63, 70 (2d Cir. 2008)).   Courts in the Second Circuit "have repeatedly held that determination of the validity of foreign trademarks in their foreign applications is not just a matter of choice of law but that, rather, United States courts are simply not in the business of adjudicating foreign trademark rights in such circumstances." *Fresh Del Monte Produce*, 2016 WL 398221, at 2.   Thus, the Lanham Act should not be applied extraterritorially against defendants acting under presumably valid trademarks in a foreign country or to foreign citizens allegedly committing infringing acts in their home country. *See Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 643 (2d Cir. 1956); *C-Cure Chem. Co. v. Secure Adhesives Corp.*, 571 F. Supp. 808, 821 (W.D.N.Y. 1983).

In *Vanity Fair Mills*, the Second Circuit articulated three factors for courts to consider in determining whether extraterritorial application of the Lanham Act is appropriate: (1) whether the defendant is a United States citizen; (2) whether no conflict exists between the defendant's trademark rights under foreign law and the plaintiff's trademark rights under domestic law; and (3) whether the defendant's conduct has a substantial effect on U.S. commerce.[2]   *Vanity Fair Mills*, 234 F.2d at 642–43.   Courts "must employ a balancing test of all three factors to determine whether the statute is properly implicated."   *A. V. by Versace, Inc. v. Gianni Versace, S.p.A,* 126 F. Supp. 2d 328, 337 (S.D.N.Y. 2001) (Stein, J.) (citing *Steele v. Bulova Watch Co.,* 344 U.S. 280 (1952)).   "The Second Circuit has stated that the absence of one of the above factors might well be determinative, and that the absence of two factors is certainly fatal."   *Id.*; *Juicy Couture, Inc. v. Bella Int'l, Ltd.*, 930 F. Supp. 2d 489, 508 (S.D.N.Y. 2013) (holding that plaintiff's failure to satisfy the "citizenship" and "no conflict with foreign law" factors were sufficient to preclude jurisdiction).   Plaintiff's Lanham Act claims against Fuzhou Hunter and Swissgear Sarl must be

---

[2] These factors are derived from the U.S. Supreme Court's decision in *Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952).

dismissed because Plaintiff has not demonstrated—affirmatively or otherwise—the presence of any of the *Vanity Fair* factors.

### a.      Defendants Are Not United States Citizens

The first *Vanity Fair* factor considers whether the defendant is a U.S. citizen.  This Circuit's precedent "indicates [that] the citizenship of the defendant is the most significant factor in determining whether to apply the Lanham Act extraterritorially to a defendant's foreign activities." *Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 955 F. Supp. 220, 227 (S.D.N.Y. 1997), *aff'd,* 152 F.3d 948 (Fed. Cir. 1998) (citing *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 746 (2d Cir. 1994)).  This factor only applies to a foreign defendant if the defendant resides in the U.S. or exercises considerable control over a U.S. corporation engaged in infringing activity. *Juicy Couture*, 930 F. Supp. 2d at 506 (S.D.N.Y. 2013); *C.f. Calvin Klein Indus., Inc. v. BFK Hong Kong, Ltd.,* 714 F.Supp. 78, 80 (S.D.N.Y.1989) (treating a foreign defendant as a U.S. citizen because he "resid[ed] in New York and was the controlling force behind" a New York corporation).

### i.      Swissgear Sarl Lacks U.S. Citizenship

Plaintiff and Defendant agree that Swissgear Sarl is a limited liability company organized and existing under the laws of Switzerland, with its principal place of business in Switzerland. *See* Compl. ¶ 5.  Swissgear Sarl is owned by Quanzhou Huimei Bags & Luggages Co., Ltd. and was previously owned by a British Virgin Islands entity, Swissgear Group S.A. and has never conducted any business in the U.S. and does not exercise any control over the activities or allegedly infringing conduct of any of the other Defendants in this case.  Li Decl. at ¶¶ 3-5. Swissgear Sarl is therefore not a U.S. citizen, and this factor of the extraterritoriality test is not present.

6

### ii.     **Fuzhou Hunter Lacks U.S. Citizenship**

Likewise, Plaintiff and Defendant agree that Fuzhou hunter is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in China.  Huang Decl. ¶ 2.  Fuzhou Hunter is a manufacturing agent operating only in China and has never conducted business in the U.S.  *Id.* at ¶ 4.  Fuzhou Hunter does not have any ownership interest in or exercise any control over any of the other Defendants in this action and contrary to Plaintiff's allegation, Defendant Hunter Li is not a director of Fuzhou Hunter.  *Id.* at ¶ 5; Li Decl. ¶ 13.  Accordingly, Fuzhou Hunter is not a U.S. citizen, and this factor is not present.

Because this "most significant factor" is not satisfied as to Swissgear Sarl or Fuzhou Hunter, this prong of the *Vanity Fair* test weighs heavily against extraterritorial application of the Lanham Act to either Defendant.  *See Aerogroup Int'l, Inc.*, 955 F. Supp. at 227.

### b.     **A Conflict Exists Between Defendants' Trademark Rights Under Foreign Law and Plaintiff's Rights Under Domestic Law**

The second *Vanity Fair* factor looks at whether a conflict exists between foreign and domestic trademark rights. Under this prong of the extraterritoriality test, a conflict exists where there is a "conflict with trade-mark rights established under the foreign law[.]"  *See Vanity Fair Mills,* 234 F.2d at 642 (applying *Steele,* 344 U.S. at 280).  This factor is rooted in "practical considerations such as the difficulty of obtaining extraterritorial enforcement of domestic law, as well as on considerations of international comity and respect for national integrity."  *See id.* at 639;  *see also Juicy Couture*, *Inc.*, 930 F. Supp. 2d at 506–07.  Consistent with these considerations, U.S. courts should avoid deciding cases where "the exercise of such power is fraught with possibilities of discord and conflict with the authorities of another country."  *See Vanity Fair Mills,* 234 F.2d at 647.

Courts, for example, have found a conflict with foreign trademark law where the defendant has established by local law the right to use its trade name, or is otherwise operating under a presumptively valid trademark in its home country. *See id.* at 642; *see also Totalplan Corp.*, 14 F.3d 824, 831(2d Cir. 1994); *Aerogroup,* 955 F.Supp. at 231. In *Aerogroup,* for example, a shoe manufacturer sued a U.S. buying agent, a Canadian shoe seller, under the Lanham Act. 955 F.Supp. at 231. The Canadian shoe seller, which did not conduct business in the U.S., had registered the allegedly infringing trademark in Canada. *Id.* The court held that the foreign registration "was sufficient to increase [the court's] caution in exercising jurisdiction over matters more appropriately left to Canadian courts." *Id.*

Courts have also found a conflict with foreign law where a lawsuit that could determine foreign trademark rights is pending in a foreign country. *See Int'l Cafe v. Hard Rock Cafe Int'l,* 252 F.3d 1274, 1279 (11th Cir. 2001). Even a pending application for a trademark may be sufficient to find the existence of rights under foreign law. *See Am. White Cross Labs., Inc. v. H.M. Cote, Inc.,* 556 F. Supp. 753, 756–58 (S.D.N.Y. 1983) (finding a lack of subject matter jurisdiction where defendants' trademark application was pending in Canada, and that defendants "would appear to have some reasonable prospect of success" because Canadian officials had previously denied plaintiff's opposition to a mark similar to the defendants'). This factor weighs against the Plaintiff because Swissgear Sarl and Fuzhou Hunter have valid trademark rights in the marks at issue in their home countries.

### i.   Swissgear Sarl's Trademark Rights Under Foreign Law Conflict With U.S. Law

Here, a conflict exists between Swissgear Sarl's trademark rights under foreign law and the rights Plaintiff claims under domestic law. Plaintiff asserts that it has registrations in the United States Patent and Trademark Office for its "Swissgear" mark and Wenger Emblem for

use with various products in the U.S.  *See* Compl. ¶¶ 18, 20.  However, in Swissgear Sarl's home country of Switzerland, the nation's trademark registration authority—the Swiss Federal Institute of Intellectual Property ("SFIIP")—refused to register Plaintiff's "Swissgear" mark.  *See* Li Decl. Ex. B, at ¶ 9.  The SFIIP found the term "Swissgear" to be descriptive, because it suggests the origin of the goods, and geographically deceptive, because it falsely suggests that the goods were made in Switzerland.  *Id*.  The SFIIP therefore concluded that the term was not protectable and belonged in the public domain.  *Id.*

By contrast, Swissgear Sarl has rights in the name "swissgear" in Switzerland and the right to use the name "swissgear" as part of its trade name in Switzerland.  *See* Li Decl. Ex. A, at at ¶ 8. Furthermore, the Swiss authorities have not allowed Plaintiff to register the Swiss flag mark in Switzerland.  The SFIIP determined that the cross contained in Plaintiff's 3D trademark was not protectable in red or white—the colors used by Plaintiff in its Swiss flag design—or "in another color likely to be confused with the Swiss Flag or the emblem of Red Cross."  *See* Li Decl. Ex. E, at ¶ 12.  Thus, because U.S. and foreign law are in disagreement as to the ownership and validity of the Swissgear trademark rights, as in *Vanity Fair* and *Aerogroup*, a conflict between domestic and foreign law plainly exists.  *See Vanity Fair Mills*, 234 F.2d at 642; *Aerogroup,* 955 F.Supp. at 231.

Additionally, the European Union Intellectual Property Office has provisionally cancelled Plaintiff's "Swissgear" mark.  *See* Li Decl. Ex. C, at ¶ 10.  This pending action will also determine foreign trademark rights, and given the success of similar proceedings in Switzerland, Norway, Russia, Iceland, China, and Germany,[3] Defendants would seem to have a "reasonable

---

[3] The district court in Germany made a preliminary finding that Wenger's "Swissgear" mark, marks incorporating the Swiss flag, and related marks are misleading and constitute unfair competition.  China, Norway, Russia, Iceland, and other countries have also denied registration

prospect of success." *See Am. White Cross Labs,* 556 F. Supp. at 756–58.  Thus, as in *Am. White Cross Labs* and *Int'l Café*, the potential exists for further conflict between Swissgear Sarl's rights under foreign law and domestic law.  *See id.*; *see also Int'l Café*, 252 F.3d at 1279.

For these reasons, this Court's exercise of jurisdiction over Swissgear Sarl's claims would likely be "fraught with possibilities of discord and conflict with the authorities of another country."  *See Vanity Fair Mills,* 234 F.2d at 647.  Thus, this factor weighs strongly against the Court's extraterritorial application of the Lanham Act to this Defendant.

### ii. Fuzhou Hunter's Trademark Rights Under Foreign Law Conflict With U.S. Law

A conflict similarly exists between Fuzhou Hunter's trademark rights under foreign law and the rights Plaintiff claims under domestic law.  As discussed above, Plaintiff asserts that it has registrations in the United States Patent and Trademark Office for the "Swissgear" mark and Wenger Emblem for use with various products in this country.  *See* Compl. ¶¶ 18, 20.  However, Fuzhou Hunter's home country of China has denied Plaintiff's registration of the "Swissgear" mark and Wenger Emblem.  *See* Huang Decl. Ex. D, at ¶ 11. Moreover, the China Trademark Office ("CTMO") has denied protection to any marks incorporating the Swiss flag—including the Wenger Emblem.  *See* Huang Decl. Ex. D, at ¶ 11 (**Ex. D**).[4]

Conversely, Chinese authorities *have* recognized the validity of Fuzhou Hunter's "Y" mark.  The "Y" mark is fully protected under Chinese trademark and copyright laws.  *Id.* at ¶ 10.  Fuzhou Hunter has sufficiently demonstrated its real use of the mark, and the mark has been

---

or cancelled registration of Wenger's "Swissgear" mark, marks incorporating the Swiss flag, and related marks.  *See* Li Decl. ¶ 13.

[4] Plaintiff's internationally registered marks #1002196 and #1002196A (Swiss flags) were rejected in China on March 12, 2010. *See* World Intellectual Property Organization ("WIPO") document. Plaintiff's mark #1023587 (Swiss flag) was rejected in China on October 19, 2010. Plaintiff's mark #978731 ("Swissgear") was rejected in China on October 23, 2012.  Huang Decl. ¶ 11 (**Ex. D**).

certified by the CTMO.  *Id.*  Thus, Fuzhou Hunter's marks—unlike Plaintiff's marks—are valid and protected in Fuzhou Hunter's home country of China.

Because Plaintiff asserts that it owns valid trademarks in the United States but such marks have been deemed invalid and unprotectable by courts in Fuzhou Hunter's home country, and because China's authorities have determined that Fuzhou Hunter's trademark is valid and protectable, a conflict exists such that a decision by this Court would cause conflict and discord with Chinese law.  This is precisely the outcome that the Second Circuit has sought to prevent. *See Vanity Fair Mills,* 234 F.2d at 647.  Accordingly, this factor weighs strongly against the Court's extraterritorial application of the Lanham Act to Fuzhou Hunter.

### c.   Defendants' Conduct Does Not Have a Substantial Effect on U.S. Commerce

The third and final factor of the *Vanity Fair* test considers whether the defendant's conduct has a substantial effect on U.S. commerce.  *See Vanity Fair Mills*, 234 F.2d at 642–43. A court may not exercise subject matter jurisdiction when a plaintiff fails "to plead and prove that the actions of defendant, which are allegedly illegal under the Lanham Act, have had some adverse effect on United States commerce."  5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:58 (4th ed.).   However, courts "must be careful," particularly in today's globalized world, "not to find a substantial effect from relatively minor interferences with United States commerce."  *See Aerogroup Int'l, Inc.*, 955 F. Supp. at 229.[5]  "[T]here must be a "substantial" effect—not merely "some" effect.  *See Totalplan Corp.,* 14 F.3d at 830; *Sterling Drug,* 14 F.3d at 746.  Thus, even where the other two *Vanity Fair* factors are present, courts

---

[5] As the Second Circuit has cautioned: "In today's global economy, where a foreign TV advertisement might be available by satellite to U.S. households, not every activity of a foreign corporation with any tendency to create some confusion among American consumers can be prohibited by the extraterritorial reach of a District Court's injunction." *Sterling Drug,* 14 F.3d at 747; *see also Aerogroup Int'l, Inc.*, 955 F. Supp. at 229.

have declined to apply Lanham Act jurisdiction when the substantial effect factor is absent. *See Atl. Richfield Co. v. Arco Globus Int'l Co.*, 150 F.3d 189, 192 n.4 (2d Cir. 1998).

Courts have found a substantial effect on commerce where an American plaintiff's foreign sales were substantially diverted. *See, e.g., Warnaco Inc. v. VF Corp.,* 844 F. Supp. 940, 945, 951–52 (S.D.N.Y. 1994) (finding substantial effect where plaintiffs alleged that defendants' infringing activities caused confusion among customers and resulted in more than an 80% decline in plaintiff's foreign sales). By contrast, courts have held that no substantial effect exists where a defendant's domestic activity, even if "essential" to infringing activity abroad, does not confuse the plaintiff's customers in the United States or lessen the value of its mark in this country. *See Atl. Richfield Co.*, 150 F.3d at 193. The mere presence and/or decision-making of the defendant on American soil is not sufficient to trigger an extraterritorial application of the Lanham Act. *Id.* Nor is preparation of the defendants' activity within U.S. borders—even if essential to the allegedly infringing activity abroad—enough to satisfy this factor. *See Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 143–44 (S.D.N.Y. 2011). Further, even where a defendant sells its product in the United States, substantial effect is not found where the sales do not have a "substantial impact" on U.S. commerce. *See Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489, 507–08 (S.D.N.Y. 2013) (finding this third prong of the test not satisfied where the defendant made $3,000 in sales to the United States through its foreign website); *Totalplan Corp. of Am. v. Lure Camera Ltd.*, No. 82-CV-0698E(M), 1993 WL 117504, at *10 (W.D.N.Y. Apr. 12, 1993) (holding that the substantial effect factor was not present where the plaintiff offered no evidence that the defendant's product had entered or was going to enter the U.S. market; the plaintiff marketed or ever intended to market its product in the defendant's home country of Japan; the defendant's product, sold initially in Japan, had been brought back

into the United States or otherwise had any effect on United States commerce; or the plaintiff had been damaged by any of the defendant's sales in Japan).

### i. Swissgear Sarl's Conduct Does Not Have a Substantial Effect on U.S. Commerce

Here, Swissgear Sarl has not engaged in any conduct that has had an effect on U.S. commerce. Plaintiff's only specific allegations of Swissgear Sarl's activities in the United States are that (1) Swissgear Sarl infringed Plaintiff's trademark rights through the use of the Wenger Emblem and phrase "By Swissgear Sarl" on a poster displayed at the January 2015 Consumer Electronics Show ("CES") in Las Vegas, Nevada (Compl. ¶ 47); (2) Swissgear Sarl "offered product using the name 'Swissgear'" at the CES (*id.* ¶ 58); and (3) Swissgear Sarl "adopted, registered, and used the swissgearsarl.com domain name in or about 2014" (*id.* ¶ 33).

These allegations, however, are incorrect. Swissgear Sarl was not present at the 2015 CES in Las Vegas, nor has it ever attended any tradeshow in the United States. *See* Li Decl. at ¶ 6. The display Plaintiff references was located in a booth rented by Defendant Swissdigital. Huang Decl. at ¶ 7. Swissgear Sarl does no business and sells no products in the United States. Li Decl. at ¶ 5. As to the website, it was hosted and maintained in Switzerland incorporating Swissgear Sarl's trade name and "Swissgear" mark, which it validly owns in its home country. *Id.* at ¶ 7-8. Further, Swissgear Sarl has never sold or offered to sell any products to the U.S. through its website. *Id.* At ¶ 7. This unqualified lack of activity in the United States establishes that Swissgear Sarl's conduct has had no substantial effect on U.S. commerce.

Even if the Court were to accept Plaintiff's allegations as true, they still would not rise to the level sufficient to show a substantial effect on U.S. commerce. Unlike in *Atl. Richfield Co.* and other cases, Plaintiff has not sufficiently pled nor produced evidence to show that Swissgear Sarl's use of the "Swissgear" mark or Wenger Emblem has *actually* confused or misled

American consumers, caused harm to Plaintiff's reputation, or lessened the value of Plaintiff's marks in this country. *See Atl. Richfield Co.*, 150 F.3d at 193; *JMC Rest. Holdings, LLC*, 2015 WL 9450597, at *4. Plaintiff has only put forth vague, speculative and conclusory assertions, such as that Swissgear Sarl's alleged acts are "likely to cause confusion and deception," "are likely to falsely suggest a connection or association" between the parties' products and commercial activities, and that Swissgear Sarl has "damaged and irreparably injured" Plaintiff and will continue to do so. *See* Compl. ¶¶ 66–73. Plaintiff has *not*—as legally required—pled nor offered any evidence that Swissgear Sarl's products have entered or will enter the U.S. market; that Swissgear Sarl's products, sold extraterritorially, have been brought back into the United States or otherwise have had any effect on U.S. commerce; or that Plaintiff has been damaged by any sales that occurred abroad. *See Totalplan Corp. of Am*, 1993 WL 117504, at *10.

Plaintiff falls far short of demonstrating that Swissgear Sarl's conduct has had a substantial effect on U.S. commerce. Accordingly, this factor also weighs strongly against the Court's extraterritorial application of the Lanham Act to Swissgear Sarl.

### ii. Fuzhou Hunter's Conduct Does Not Have a Substantial Effect on U.S. Commerce

Likewise, Fuzhou Hunter has not engaged in any conduct that has had an effect on U.S. commerce. Plaintiff alleges that Fuzhou Hunter has marketed products bearing the "swissgear" mark and has made false and misleading statements that connote an affiliation between Fuzhou Hunter and Wenger, where none exists. *See* Compl. ¶ 9. In particular, Plaintiff alleges that Fuzhou Hunter exhibited products bearing infringing copies of Wenger's intellectual property at the June 9-11, 2015 Licensing Expo tradeshow in Las Vegas, Nevada (*id.* ¶¶ 44–49); that Fuzhou Hunter has advertised and represented on its website products that include Plaintiff's intellectual

property (*id.* ¶¶ 51–55); and that Fuzhou Hunter has falsely advertised itself as a 30-year licensee of Swissgear (Group) S.A. on its website (*id.* ¶ 50).

Again, Plaintiff's allegations are demonstrably incorrect.  Fuzhou Hunter does not manufacture, offer for sale, or sell products anywhere in the world.  Huang Decl. ¶ 4.  Rather, it is a manufacturing agent that operates exclusively in China.  *Id.* at ¶ 3-4.  Fuzhou Hunter coordinates the delivery of products between manufacturers and international shipping companies within China, but it has never shipped any products to the United States.  *Id.* at 4.  While it is true that Fuzhou Hunter has been an exhibitor and has had booths at a number of U.S. tradeshows, marketing and promoting its shipping services and capabilities in China to U.S. companies, Fuzhou Hunter had no presence at the June 2015 Licensing Expo tradeshow in Las Vegas.  *Id.* at ¶ 6-7.  Rather, Fuzhou Hunter rented its booth to Swissdigital.  *Id.*  Any exhibit bearing an allegedly infringing copy of Plaintiff's marks thus had no connection to Fuzhou Hunter.

Additionally, Fuzhou Hunter's website displays its own "Y" mark, which is a registered trademark in both the U.S. and China, and states its relationship with the British Virgin Island entity Swissgear (Group) SA.  Huang Decl. at ¶ 10.  If Fuzhou Hunter's website suggests any affiliation, it is with Swissgear (Group) SA.  The absence of a meaningful nexus between Fuzhou Hunter and the infringing activity alleged by Plaintiff establishes that Fuzhou Hunter's conduct has had no substantial effect on U.S. commerce.

Moreover, even if the Court were to accept Plaintiff's allegations as true, they would still fail to demonstrate a substantial effect on U.S. commerce.  Plaintiff has not sufficiently pled nor produced evidence to show that Fuzhou Hunter's use of the "Swissgear" mark or Wenger Emblem has *actually* confused or misled American consumers, caused harm to Plaintiff's

reputation, or lessened the value of Plaintiff's mark in this country.  *See Atl. Richfield Co.*, 150 F.3d at 193; *JMC Rest. Holdings, LLC*, 2015 WL 9450597, at *4.  Plaintiff has merely asserted that Fuzhou Hunter's alleged acts are "likely to cause confusion and deception," "are likely to falsely suggest a connection or association" between the parties' products and commercial activities, and that Fuzhou Hunter has "damaged and irreparably injured" Plaintiff and will continue to do so.  *See* Compl. ¶¶ 66–73.  As in *Totalplan Corp.*, where this Court found no substantial effect on U.S. commerce, Plaintiff has offered no evidence that products exported by Fuzhou Hunter have entered, will enter, or have otherwise had any impact on the U.S. market.  *See Totalplan Corp. of Am*, 1993 WL 117504, at *10.  Nor has Plaintiff shown that Fuzhou Hunter's activities in China have caused any damage to Plaintiff's sales abroad.  *See id*.

Furthermore, even assuming that Fuzhou Hunter had a presence at the 2015 tradeshow in Las Vegas, the products bearing the allegedly infringing marks were samples—no actual products were offered or available for sale.  Plaintiff has put forth no evidence indicating that the display of these samples diverted sales from its own products.  *See Warnaco Inc.*, 844 F. Supp. at 940, 945, 951–52.  At most, the activity Plaintiff alleges could be considered a "relatively minor interference[] with United States commerce."  *See Aerogroup Int'l, Inc.* 955 F. Supp. at 229.  Accordingly, this Court should not find a substantial effect from Fuzhou Hunter's actions.

### d.  Conclusion

As discussed herein, Plaintiff has failed to demonstrate that any of the *Vanity Fair* factors—including the crucial citizenship factor—are present as to either Swissgear Sarl or Fuzhou Hunter.  Accordingly, the Court should dismiss Plaintiff's Lanham Act claims against both Defendants for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### C.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Copyright Act Claims

In its Complaint, Plaintiff alleges that Swissgear Sarl and Fuzhou Hunter's "use and reproduction of the design subject to the Krummholz Registration constitutes infringement of Plaintiff's registered copyright, in violation of the United States Copyright Act of 1976." *See* Compl. ¶ 129.   In bringing these claims, Plaintiff seeks to apply the Copyright Act to the extraterritorial activities of foreign defendants.   Plaintiff, however, has not demonstrated— affirmatively or otherwise—that the narrow exception to the rule against extraterritorial application of the Act applies to either Swissgear Sarl or Fuzhou Hunter.   Because Plaintiff has failed to meet its burden of proving the Court's subject matter jurisdiction over these claims, the Court should dismiss the claims pursuant to Rule 12(b)(1).

### 1.    Plaintiff's Failure to Allege an Exception to the Extraterritorial Application Rule Vitiates Copyright Act Jurisdiction Over Both Defendants

"Federal courts have original jurisdiction over any civil action arising under federal copyright law." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.,* No. 96 CIV. 1103 (MBM), 1996 WL 724734, at *4 (S.D.N.Y. Dec. 17, 1996); 28 U.S.C. § 1338(a).   However, "[i]t is well established that copyright laws generally do not have extraterritorial application." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988); *Hutson v. Notorious B.I.G., LLC*, No. 14-CV-2307 (RJS), 2015 WL 9450623, at *6 (S.D.N.Y. Dec. 22, 2015).   Courts' unwillingness to extend the Copyright Act extraterritorially means that U.S. law does not apply to foreign infringement of a U.S. copyright. *See, e.g.*, *Ahbez v. Edwin H. Morris & Co., Inc.*, 548 F. Supp. 664, 665 (S.D.N.Y. 1982) (finding lack of subject matter jurisdiction where plaintiff alleged that defendant licensed, published, recorded, and commercially exploited plaintiff's copyrighted song throughout Europe).   This is true even where the foreign infringement will have adverse effects

within the United States.  *See Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628, 635 (S.D.N.Y. 2000).

The Second Circuit has recognized a "narrow" exception to the "no extraterritoriality" rule. Where a defendant "commits an act of infringement in the United States that permits further reproduction outside the United States—such as when an individual makes unauthorized copies of copyrighted material and then sends them out of the country"—a court may assert jurisdiction over those foreign acts. *Fun-Damental Too,* 1996 WL 724734, at *4 (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)).  To fall under this exception, a plaintiff must "demonstrate that the domestic predicate act was itself an act of infringement in violation of the copyright laws." *Fun-Damental Too,* 1996 WL 724734, at *5; *see also Update Art, Inc.,* 843 F.2d at 73.  Thus, where a work initially reproduced in the United States appears, for example, in a foreign publication, the court has jurisdiction over the extraterritorial infringement. *See Update Art, Inc.,* 843 F.2d at 73.  By contrast, the mere authorization and approval of extraterritorial copyright infringements from within the United States do not create jurisdiction over those extraterritorial acts. *See Fun–Damental Too, Ltd.*, 1996 WL 724734, at *6.  Nor does the transport of infringing products from the United States to a foreign country or preparations that are not in themselves violations of the Copyright Act. *See Robert Stigwood Group Ltd. v. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir. 1976); *Fun-Damental Too, Ltd.*, 1996 WL 724734, at *6.  Also, foreign-hosted images on an extraterritorial website are not actionable under the Copyright Act. *See e.g., Perfect 10, Inc. v. Yandex N.V.,* 962 F. Supp. 2d 1146, 1153 (N.D. Cal. 2013), *as amended* (Sept. 6, 2013).

**a.      The Court Should Decline to Exercise Subject Matter Jurisdiction Over Copyright Act Claims Against Swissgear Sarl**

Plaintiff alleges that Swissgear Sarl's "use and reproduction of the [Wenger Logo] design subject to the Krummholz Registration constitutes infringement of Plaintiff's registered copyright, in violation of the Copyright Act." *See* Compl. ¶ 129. Plaintiff's only specific allegation of Swissgear Sarl's infringing activity in the United States is that Swissgear Sarl "offered product using . . . the Wenger Logo Design at the [January 2015] CES." *See id.* ¶ 58. As discussed in Part III(B), *supra*, Plaintiff's claim that Swissgear Sarl "offered product" at the CES is incorrect; Swissgear Sarl does not do business or sell its products in the United States, and it had no presence at the CES or any other U.S. tradeshow. Li Decl. ¶¶ 5-6. Apart from this allegation, Plaintiff has not pled nor provided any evidence that Swissgear Sarl has infringed the Wenger Logo Design in this country. To the extent Plaintiff may allege Swissgearl Sarl infringes its copyright through its website, Swissgear Sarl's website was created, hosted, and maintained in Switzerland and U.S. law would not apply to this fully extraterritorial activity. *Id.* at ¶ 7. Because Plaintiff has failed to allege a predicate act of infringement in the United States, Swissgear Sarl, a foreign company that operates exclusively outside the United States, may not be brought under the purview of the Copyright Act.

**b.      The Court Should Decline to Exercise Subject Matter Jurisdiction Over Copyright Act Claims Against Fuzhou Hunter**

Plaintiff similarly alleges that Fuzhou Hunter's "use and reproduction of the [Wenger Logo] design subject to the Krummholz Registration constitutes infringement of Plaintiff's registered copyright, in violation of the Copyright Act." *See id.* ¶ 129. Plaintiff asserts that Fuzhou Hunter "exhibit[ed] products using a close and infringing copy of the Wenger Logo Design" at the June 9-11, 2015 Licensing Expo in Las Vegas. *See id.* ¶ 49. Plaintiff also claims

that Fuzhou Hunter uses its website to "display[] the Krummholz Registration (which is virtually identical to the Wenger Logo Design) . . . apparently as a corporate logo" and to advertise products using the Wenger Logo Design.  *See id.* ¶¶ 50, 55.

As discussed in Part III(B), *supra*, Plaintiff's claim that Fuzhou Hunter exhibited products at the 2015 Licensing Expo is incorrect.  Fuzhou Hunter did not exhibit products at the June 2015 Expo. Huang Decl. ¶ 7.  Rather, Fuzhou Hunter rented its booth at the tradeshow to Swissdigital.  *Id.*  Thus, Plaintiff's claim that Fuzhou Hunter engaged in copyright infringement at the tradeshow necessarily fails.  Furthermore, as discussed above, Fuzhou Hunter does not design or manufacture any products—it is a manufacturing agent operating exclusively in China.  *Id.* at ¶¶ 3-5.  Fuzhou Hunter's Chinese shipping activities do not infringe any of Plaintiff's alleged rights under the Copyright Act.  Consequently, this Court does not have subject matter jurisdiction over these activities under the Copyright Act. To the extent Plaintiff alleges any infringing activity occurring on Fuzhou Hunter's website, this website was created, hosted, and maintained in China.

Plaintiff has not pled nor put forth any evidence that Fuzhou Hunter has violated the Copyright Act in this country or abroad.  Accordingly, no subject matter jurisdiction under the Copyright Act exists as to this Defendant.

<b>c.      Conclusion</b>

As discussed herein, Plaintiff has failed to demonstrate that the narrow exception to the rule against extraterritorial application of the Copyright Act applies to either Swissgear Sarl or Fuzhou Hunter.  For this reason, the Court should dismiss Plaintiff's Copyright Act claims against both Defendants for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**D.** **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Once the Federal Claims Have Been Dismissed**

In addition to the federal trademark and copyright claims, Plaintiff alleges state common law trademark and trade name infringement and common law unfair competition against both Defendants. *See* Compl. ¶¶ 119–24, 135–38.   Plaintiff asserts that the Court should exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).   *See id.* ¶ 8. Consistent with the law of this Circuit, this Court should decline to exercise supplemental jurisdiction over these claims.

A district court may decline to exercise supplemental jurisdiction over a non-diverse state law claim if the court "has dismissed all claims over which it has original jurisdiction."   28 U.S.C. § 1367(c)(3).   Although § 1367(c)(3) is "couched in permissive terms," courts in this Circuit have "made clear that the Court's discretion 'is not boundless.'"   *Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 402 (S.D.N.Y. 2011).   It is "well settled" that "where the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."   *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262–63 (2d Cir. 2006).   In determining whether to exercise supplemental jurisdiction over state law claims, courts should consider the values of judicial economy, convenience, fairness, and comity. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988).   However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

Here, each of Plaintiff's federal claims against Swissgear Sarl and Fuzhou Hunter should be dismissed for the reasons set forth in Part III(B)-(C), *supra*.  Moreover, this Court's dismissal of Plaintiff's remaining state law claims would have no adverse effect on judicial economy,

convenience, fairness, or comity; to the contrary, dismissal of the claims would preserve these values.  Because no factors weigh against a departure from the usual rule, this Court should dismiss each of Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's state common law claims.

## IV.     CONCLUSION

For the reasons discussed herein, Defendants Swissgear Sarl and Fuzhou Hunter respectfully request that this Court grant their motion to dismiss for lack of subject matter jurisdiction.

Date:   January 10, 2017

Respectfully submitted,

/s/ Darius Keyhani
Darius Keyhani
Meredith & Keyhani, PLLC
205 Main Street
East Aurora, New York
Tel. (716)898-8938
Fax (716) 299-2499
dkeyhani@meredithkeyhani.com
*Attorneys for Plaintiff*