**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**WENGER S.A,**

                                        **Plaintiff,**

**v.**
                                                                **15-CV-637S(Sr)**

**FUZHOU HUNTER PRODUCT IMPORT**
**AND EXPORT CO., LTD.,**

**SWISSDIGITAL USA, CO., LTD.,**

**KRUMMHOLZ INTERNATIONAL, INC.,**

**SWISSGEAR SARL, and**

**ZHICIAN "HUNTER" LI,**

                                        **Defendants.**

_____


### REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #59.


        Plaintiff commenced this action in the United States District Court, District

of Nevada, pursuant to the Lanham Act, Copyright Act and Nevada law, alleging that

defendants infringed upon plaintiff's intellectual property rights, including its Swissgear

and Wenger Emblem marks and Wenger Logo Design.  Dkt. #1.

By Order entered July 14, 2015 (Dkt. #51), the Chief Judge for the United States District Court for the District of Nevada transferred this matter to the Western District of New York, where a related case, *Krummholz International, Inc. and Swissdigital USA, Co. v. Wenger, S.A.*, 15-CV-86, was pending.  That matter, which sought cancellation of Wenger, S.A.'s ("Wenger's"), trademark registrations and a declaration that plaintiffs were not infringing on Wenger's intellectual property rights, was dismissed for lack of subject matter jurisdiction due to lack of an actual controversy between the parties.  15-CV-86 at Dkt. #32 & 33.

Currently before the Court is a motion to dismiss this complaint for lack of subject matter jurisdiction by Fuzhou Hunter Product Import and Export Co. ("Fuzhou Hunter"), and Swissgear Sarl on the ground that Wenger has failed to demonstrate that the Lanham Act or Copyright Act can be applied extraterritorially to either defendant. Dkt. #79.

For the following reasons, it is recommended that the motion to dismiss be denied.

## **FACTS**

Plaintiff's complaint alleges that it is a Swiss corporation known for its manufacture of Swiss Army knives which registered the Wenger emblem - a distinctive logo of a cross on a square with rounded corners, outlined by another square with

rounded corners - with the United States Patent and Trademark office, and has authorized licensees to continuously use the Wenger emblem on a variety of goods within the United States.  Dkt. #1, ¶¶ 1, 16-19.  Wenger further alleges that at least as early as 2003, it adopted the mark SWISSGEAR for use with its travel gear, business gear, outdoor gear and recreational products in the United States and has registered the mark with the United States Patent and Trademark office.  Dkt. #1, ¶ 20.  Wenger also owns a U.S. Copyright covering a logo design incorporating the Wenger emblem. Dkt. #1, ¶¶ 23-27.

Wenger alleges that Zhican "Hunter" Li, a citizen of China, is the President of Swissdigital USA, Co., Ltd. (a Delaware corporation), Krummholz International, Inc. (a Candian corporation), and Swissgear Sarl (a Swiss Corporation), as well as other entities related to Fuzhou Hunter (a Chinese corporation of which Mr. Li is a director).[1] Dkt. #1, ¶¶ 2-6.  Wenger complains that Swissgear Sarl adopted SWISSGEAR as part of its company name and registered and used "swissgearsarl.com" as its domain name after Wenger first used and registered its marks.  Dkt. #1, ¶¶ 32-34.  Wenger further complains that Krummholz International, Inc., applied for a trademark registration on a logo substantially similar to Wenger's logo design, which incorporates the Wenger emblem.  Dkt. #1, ¶¶ 35 & 38.  Wenger has filed a cancellation proceeding at the Trademark Trial and Appeal Board of the United States Patent and Trademark Office to cancel this registration.  Dkt. #1, ¶ 41.  The cancellation proceeding is currently stayed. Dkt. #1, ¶ 41.  Swissdigital subsequently filed additional applications for slightly

---

[1] Mr. Li declares that he is not a director of Fuzhou Hunter.  Dkt. #82, ¶ 14.

modified versions of the Krummholz Registration which were rejected by the U.S. Patent and Trademark Office based on a likelihood of confusion with the Wenger emblem  Dkt. #1, ¶¶ 63 & 65.

Although Fuzhou Hunter previously manufactured backpacks and other products for a licensee of Wenger, none of the Fuzhou Hunter entities are currently authorized to use Wenger's trademarks and/or copyrights.  Dkt. #1, ¶ 50.  Despite advertising itself as a "30-year licensee of Swissgear (Group) SA for various travel products," Wenger alleges that Fuzhou Hunter has never been a licensee of Wenger. Dkt. #1, ¶¶ 50 & 52.  Until recently, the Fuzhou Hunter website suggested that its products included the "Swiss Army brand" as well as the Swissgear brand.  Dkt. #1, ¶ 53.  The Fuzhou website continues to advertise products under the Swissgear mark and using the Wenger Logo Design.  Dkt. #1, ¶ 55.  In addition, Fuzhou Hunter prominently displays the Krummholz registration on its website.  Dkt. #1, ¶ 51.

Fuzhou Hunter was listed as an exhibitor at the June 9-11, 2011 Licensing Expo trade show in Las Vegas, Nevada, a fact confirmed on Fuzhou Hunter's website. Dkt. #1, ¶ 49.  A photo of a booth at the 2015 Consumer Electronics Show in Las Vegas depicts use of the Krummholz registration, which plaintiff alleges infringes upon the Wenger emblem and logo design.  Dkt. #1, ¶ 47.  The logo is identified as Swissdigital "by Swissgear Sarl."  Dkt. #1, ¶ 46. Fuzhou Hunter was also listed as an exhibitor at the 2015 Licensing Expo tradeshow, a fact confirmed by Fuzhou Hunter's website.  Dkt. #1, ¶ 49.  Wenger alleges that Hunter Li attended additional trade shows

on behalf of Fuzhou Hunter entities, including the March 2014 Travel Goods
Association Trade Show in Phoenix, Arizona, which offered products under Swissgear
and the Wenger Logo design.  Dkt. #1, ¶ 58.

Shux Huang, principal and legal representative of Fuzhou Hunter,
declares that Fuzhou Hunter is a Chinese company and a manufacturing agent of travel
bags and goods.  Dkt. #81, ¶¶ 1-3. He further declares that Fuzhou Hunter has been an
exhibitor and has had booths at a number of US tradeshows marketing and promoting
its services and capabilities as a manufacturing agent in China to US companies.  Dkt.
#81, ¶ 6.  Although Fuzhou Hunter was listed as an exhibitor at the Licensing Expo in
Las Vegas on June 9-11, 2015, Mr. Huang declares that it rented its space to
Swissdigital.  Dkt. #81, ¶ 7.  Mr. Huang further declares that Fuzhou Hunter has never
manufactured products for Krummholz International, Inc., Swissdigital USA Co. Ltd.,
Swissgear Sarl, or any other entity and does not exercise any control over the activities
of these parties.  Dkt. #81, ¶ 5.  Mr. Huang declares that Fuzhou Hunter is the owner of
a valid China registered trademark for the design incorporated in Krummholz
International, Inc.'s U.S. Trademark which is subject to Wenger's cancellation
proceeding. Dkt. #81, ¶ 10.  Mr. Huang also declares that, according to the World
Intellectual Property Organization ("WIPO"), Wenger's internationally registered Swiss
flag marks were rejected in China.  Dkt. #81, ¶ 11.

Zhijian "Hunter" Li declares that he is a principal and the legal
representative of Swissgear Sarl, a Swiss technology company that makes products

including watches, backpacks and wallets that utilize smart technology.  Dkt. #82, ¶¶ 1

& 4.  Mr. Li further declares that Swissgear Sarl operates entirely in Switzerland and

does no business in the United States, nor does it make, sell or offer for sale any of its

products in the United States.  Dkt. #82, ¶ 5.  Its former website, www.swissgearsarl.ch,

was created, hosted and maintained in Switzerland.  Dkt. #82, ¶ 7.


Swissgear Sarl is owned by Quanzhou Huimci Bags & Luggage Co., Ltd.

Dkt. #82, ¶ 2.  It was previously owned by Swissgear Group S.A., an entity of the British

Virgin Islands.  Dkt. #82, ¶ 2.  Mr. Li declares that Swissgear Sarl "has no ownership

interest in Krummholz International, Inc., Fuzhou Hunter Product Import and Export Co.,

Ltd. or Swissdigital USA Co., Ltd. and does not exercise any control over the activities

of these parties."  Dkt. #82, ¶ 3. Swissgear Sarl owns a valid trademark for its

"Swissgear" mark in Switzerland.  Dkt. #82, ¶ 8.  Mr. Li declares that the German district

court has "made a preliminary finding that Wenger's "Swissgear" mark, marks

incorporating the Swiss flag, and related marks are misleading and constitute unfair

competition."  Dkt. #82, ¶ 13.  Mr. Li has "also been advised that China, Norway,

Russia, Iceland, and other countries have also denied registration or cancelled

registration of Wenger's "Swissgear" mark, marks incorporating the Swiss flag, and

related marks."  Dkt. #82, ¶ 13.  Mr. Li declares that "Swissgear Sarl was not present at

the 2015 CES in Las Vegas, nor has it ever attended any tradeshow in the United

States."  Dkt. #82, ¶ 6.

## DISCUSSION AND ANALYSIS

Defendants argue that plaintiff has failed to plead sufficient evidence to support this Court's extraterritorial application of the Lanham Act or Copyright Act.  Dkt. #80. More specifically, defendant Fuzhou argues that it is a manufacturing agent that does not manufacture, offer for sale, or sell any products.  Dkt. #80, p.8.  Rather, Fuzhou argues that it is a Chinese company operating exclusively in China, where it coordinates production requests between importers outside of China and manufacturers in China, as well as delivery of products between manufacturers and international shipping companies.  Dkt. #80, p.8. Fuzhou denies that it ever sold or displayed products bearing plaintiff's trademarks or copyrighted designs in the United States.  Dkt. #80, p.9.  Fuzhou further denies any presence at the June 9-11, 2015 Licensing Expo in Las Vegas, arguing that it rented its booth to Swissdigital USA Co., Ltd.  Dkt. #80, p.9. Defendant Swissgear Sarl argues that it does no business in the United States, nor does it make, sell, or offer for sale any of its products in the United States.  Dkt. #80, p.8.  Moreover, defendant Swissgear Sarl argues that it is a Swiss corporation which owns a valid trademark for its Swissgear mark in Switzerland, while plaintiff's competing mark has been denied registration in Switzerland and has been cancelled by the European Union Intellectual Property Office.  Dkt. #80, p.8.

Plaintiff responds that the issues raised by defendants are not properly resolved pursuant to Rule 12(b)(1) and can only be resolved on the merits.  Dkt. #86, p.3.  In any event, plaintiff argues that defendants Fuzhou and Swissgear Sarl "participated in the manufacture and marketing, in the United States, of items bearing

Wenger's trademark and copyrighted design," thereby participating in domestic infringement of Wenger's intellectual property.  Dkt. #86, p.7.  Plaintiff also argues that there are sufficient allegations of each defendant's conduct to support contributory infringement liability against the moving defendants.  Dkt. #86, pp.11-12.  In other words, Wenger argues that it "has properly asserted federal claims based on conduct that occurred in the United States and seeks relief properly afforded against these Defendants under federal laws which protect Wenger's rights in the United States." Dkt. #86, p.3.

Defendants reply that the district court lacks jurisdiction over defendants' alleged foreign activity.  Dkt. #87, p.3.  Defendants further reply that plaintiff's allegations of domestic infringement "are conclusory and demonstrably incorrect."  Dkt. #87, p.4.  Specifically, defendants argue that

> The only domestic activity that can be attributed to Fuzhou Hunter is attending tradeshows in the U.S. to market and promote its own export agency services offered in China, which do not involve any of the trademarks or copyrights at issue in this case.  In the case of Swissgear Sarl, there is no domestic conduct that can be attributed to it.

Dkt. #87, p.5.  Defendants argue that "none of Plaintiff's proffered allegations support the conclusion that Fuzhou Hunter or Swissgear Sarl engaged in any allegedly infringing activity in the U.S."  Dkt. #87, p.5.

"[S]ubject matter jurisdiction is a constitutional prerequisite to a federal court's power to act."  *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir.

1988).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A defendant moving to dismiss pursuant to Rule 12(b)(1) "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both."  *Robinson v. Government of Malaysia,* 269 F.3d 133, 140 (2d Cir. 2001).  "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing."  *Zappia Middle East Construction Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  A plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists.  *Makarova,* 201 F.3d at 113.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1338(a) grants the district courts original jurisdiction "of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks."  Thus, pursuant to 28 U.S.C. §§ 1331 and 1338, federal district courts have original jurisdiction over copyright infringement actions and matters involving violations of patents and trademarks, including cancellation proceedings. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164-65 (2010); *Rolls-Royce PLC v. Rolls-Royce USA, Inc*., 688 F. Supp.2d 150, 154 (E.D.N.Y. 2010); *Patsy's Italian Restaurant v. Banas*, 508 F. Supp.2d 194, 206 (E.D.N.Y. 2007).

"Lanham Act jurisdiction extends to acts of trademark infringement and unfair competition by a foreign entity in the United States." *American White Cross Laboratories, Inc. v. H.M. Cote*, 556 F. Supp. 753, (S.D.N.Y. 1983).  In addition, "[i]t is well-established that United States courts have jurisdiction to apply the Lanham Act to allegedly infringing conduct occurring outside the United States when necessary to prevent harm to United States commerce." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp.2d 328, 336 (S.D.N.Y. 2001).  In determining whether application of the Lanham Act to extraterritorial conduct is appropriate, the court considers: (1) whether the defendant is a United States citizen; (2) whether a conflict exists between the defendant's trademark rights under foreign law and the plaintiff's rights under domestic law; and (3) whether the defendant's conduct has a substantial effect on United States commerce.  *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 642 (2d Cir.), *cert. denied*, 352 U.S. 871 (1956).

In contrast, the "U.S. Copyright Act does not have extraterritorial application, and district courts do not have subject matter jurisdiction over infringement occurring outside of the United States." *Levitin v. Sony Music Entertainment,* 101 F. Supp.3d 376, 384 (S.D.N.Y. 2015), *citing Update Art,* 843 F.2d at 73 ( "It is well established that copyright laws generally do not have extraterritorial application.").  A narrow exception to this rule affords jurisdiction where an individual commits an act of infringement in the United States that permits further reproduction outside the United States.  *Update Art*, 842 F.2d at 73.  "The clear governing legal rule is that the predicate

act occurring in the United States must itself constitute infringement under the Copyright Act." *Levitin*, 101 F. Supp.3d at 385.

In the instant case, Wenger's complaint alleges conduct within the United States by Fuzhou Hunter and Swissgear Sarl which caused and/or contributed to violations of Wenger's intellectual property rights within the United States. Fuzhou Hunter confirms that it is a regular exhibitor at tradeshows within the United States and that it rented its space to entities such as Swissdigital and Krummholz to allow them to obtain better pricing and more desirable space. Dkt. #81, ¶¶ 6-8. Wenger's complaint includes a photograph of one such exhibit displaying the disputed trademarks and copyrighted designs which were attributed to Swissgear Sarl. Dkt. #1, ¶¶ 46-47. This is sufficient evidence for purposes of establishing jurisdiction. Accordingly, it is recommended that Fuzhou Hunter and Swissgear Sarl's motion to dismiss for lack of subject matter jurisdiction be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that the motion to dismiss (Dkt. #79), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report,

Recommendation and Order to the attorneys for the parties.


**SO ORDERED.**


**DATED:**      **Buffalo, New York**
               **August  31, 2017**


                                        *H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**