UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENGER S.A., )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>FUZHOU HUNTER PRODUCT IMPORT AND )<br>EXPORT CO., LTD., KRUMMHOLZ )<br>INTERNATIONAL, INC., SWISSDIGITAL )<br>USA CO., LTD., SWISSGEAR SARL, and )<br>ZHIJIAN "HUNTER" LI, )<br>)<br>    *Defendants*. )<br>) | Civil Action No. 1:15-cv-00637-WMS-HKS |

**DEFENDANTS FUZHOU HUNTER AND SWISSGEAR SARL'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER**

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72(b), Defendants Fuzhou Hunter Product Import and Export Co., Ltd. ("Fuzhou Hunter") and Swissgear Sarl object to the Magistrate Judge's Report, Recommendation and Order ("R&R") (Dkt. #88) filed August 31, 2017. The Magistrate Judge erred in recommending that the Court deny Fuzhou Hunter and Swissgear Sarl's motion to dismiss for lack of subject matter jurisdiction (Dkt. #80) by determining, without applying the controlling legal standards, that Plaintiff Wenger S.A. ("Wenger") pleaded sufficient facts to establish the Court's subject matter jurisdiction over Plaintiff's extraterritorial Lanham Act and U.S. Copyright Act claims. Accordingly, the Court should decline to adopt the R&R and, instead, sustain Defendants' objections and grant in full their motion to dismiss the case for lack of subject matter jurisdiction.

1

**STANDARD OF REVIEW**

A district court "review[s] de novo those portions of the magistrate judge's findings and recommendations to which a party has made specific and timely objections." *Teixeria v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 222 (W.D.N.Y. 2016) (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)). "The de novo standard requires that the district court 'give fresh consideration to those issues to which specific objections have been made' and 'examine the entire record,' . . . 'mak[ing] an independent assessment of the magistrate judge's factual and legal conclusions.'" *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). Based on its review, the district court may either "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

**ARGUMENT**

The motion at issue involves two bonafide and established foreign companies, Fuzhou Hunter and Swissgear Sarl, that possess valid intellectual property rights in their respective home countries. Fuzhou Hunter, a citizen of China, owns the disputed "Y" mark, which is fully protected under Chinese trademark and copyright laws. Swissgear Sarl, a Swiss citizen, has a valid trademark for its "Swissgear" mark in Switzerland, as well as rights in the name "Swissgear" and the right to use the name "Swissgear" as part of its trade name. Plaintiff, also a citizen of Switzerland, now asks this Court to make an exception to the general rule against extraterritorial application of U.S. trademark and copyright laws[1] and extend its jurisdiction over this case—despite the fact that Defendants' intellectual property rights have been affirmed in their home

---

[1] Courts have explained that "extraterritorial application of American law . . . is contrary to usual conflict-of-laws principles." *See Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 638 (2d Cir. 1956). Such principles are based not only "upon practical considerations such as the difficulty of obtaining extraterritorial enforcement of domestic law" but "on considerations of international comity and respect for national integrity." *Id.* at 639.

countries (while Plaintiff's claims to these rights were rejected by those countries' intellectual property-administering and granting authorities); that this Court's exercise of jurisdiction would likely cause conflict and discord with foreign authorities; and that neither Fuzhou Hunter nor Swissgear Sarl uses or intends to use its intellectual property in the United States, does any business or sales in the United States, or has had any effect whatsoever on Plaintiff's sales in the United States.

In objecting to the R&R, Defendants do not dispute the legal standards articulated by the Magistrate Judge and, in fact, agree with his formulation of the governing law. Rather, Defendants submit that the Magistrate Judge erred in neglecting to apply these legal standards to the facts of this case. In his concise analysis of whether this Court has jurisdiction over Plaintiff's trademark and copyright claims against Fuzhou Hunter and Swissgear Sarl, the Magistrate Judge referred only to Defendants' passive and incidental conduct and not to the types of activities that would justify extraterritorial application of U.S. law. His analysis stated, in full:

> In the instant case, Wenger's complaint alleges conduct within the United States by Fuzhou Hunter and Swissgear Sarl which caused and/or contributed to violations of Wenger's intellectual property rights within the United States. Fuzhou Hunter confirms that it is a regular exhibitor at tradeshows within the United States and that it rented its space to entities such as Swissdigital and Krummholz to allow them to obtain better pricing and more desirable space. Dkt. #81, ¶¶ 6-8. Wenger's complaint includes a photograph of one such exhibit displaying the disputed trademarks and copyrighted designs which were attributed to Swissgear Sarl. Dkt. #1, ¶¶ 46-47. This is sufficient evidence for purposes of establishing jurisdiction.

(R&R, p.11). Based on U.S. Supreme Court and Second Circuit precedent, this evidence of foreign Defendants' non-impactful, indirect presence in the United States falls far short of establishing that this Court may extend its subject matter jurisdiction over Plaintiff's claims. Plaintiff fails to meet its burden of demonstrating that extraterritorial application of the Lanham Act and U.S.

3

Copyright Act is appropriate in this case, and the Court should grant Defendants' motion to dismiss for lack of subject matter jurisdiction.

I. **The Magistrate Judge Erred in Determining That This Court Has Subject Matter Jurisdiction Over Plaintiff's Trademark Infringement Claim.**

U.S. courts may not apply the Lanham Act extraterritorially "to adjudicate the validity or ownership status of foreign trademarks." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 159 F. Supp.3d 415, 417 (S.D.N.Y. 2016), *appeal dismissed* (Apr. 26, 2016). "This is because it is firmly settled that '[a] trademark has a separate legal existence under each country's laws, and trademark rights exist in each country solely according to that nation's laws.'" *Id.* (quoting *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 70 (2d Cir. 2008)). However, "courts have jurisdiction to apply the Lanham Act to allegedly infringing conduct occurring outside the United States when necessary to prevent harm to United States commerce." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp.2d 328, 336 (S.D.N.Y. 2001) (R&R, p.10). As explained in the R&R, a three-part test is used to determine whether application of the Lanham Act to extraterritorial conduct is appropriate (R&R, p.10). The court must consider (1) whether the defendant is a United States citizen; (2) whether no conflict exists between the defendant's trademark rights under foreign law and the plaintiff's rights under domestic law; and (3) whether the defendant's conduct has a substantial effect on commerce. *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 642 (2d Cir.), *cert. denied*, 352 U.S. 871 (1956) (R&R, p.10). "[T]he absence of one of the above factors might well be determinative and . . . the absence of both is certainly fatal." *Id.* at 643.

Here, the evidence cited by the Magistrate Judge is not sufficient to overcome the presumption against extraterritorial application of the Lanham Act as to either Defendant. Regarding Fuzhou Hunter, the Magistrate Judge concluded that subject matter jurisdiction existed over the company because it "confirms that it is a regular exhibitor at tradeshows within the United

4

States and that it rented its space to entities such as Swissdigital and Krummholz to allow them to obtain better pricing and more desirable space" (R&R, p.11). The Magistrate Judge did not apply the three controlling *Vanity Fair* factors to these facts; if he had done so, it would have been apparent that *no* factors are satisfied so as to permit extraterritorial application of the Lanham Act.

First, it is undisputed that Fuzhou Hunter—a company organized and existing under the laws of the People's Republic of China, with its principal place of business in China—is not a U.S. citizen. *See, e.g.,* Huang Decl. ¶ 2 (Dkt. #81); R&R, p.3. That this "most significant factor" is absent weighs heavily against extraterritorial application of the Lanham Act, *see Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 955 F. Supp. 220, 227 (S.D.N.Y. 1997), *aff'd,* 152 F.3d 948 (Fed. Cir. 1998) (citing *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 746 (2d Cir. 1994)), and could, in itself, be determinative, *see Vanity Fair*, 234 F.2d at 643 ("[T]he absence of one of the above factors [citizenship or conflict between foreign and domestic law] might well be determinative . . . .").

Second, it is undisputed that Fuzhou Hunter's trademark rights under foreign law conflict with U.S. law. Fuzhou Hunter's rights in the "Y" mark are fully protected under Chinese trademark and copyright laws, while China has denied Plaintiff's registration of the "Swissgear" mark and Wenger Emblem. *See* Huang Decl. ¶¶ 10-11 (Dkt. #81). Moreover, the China Trademark Office has denied protection to any marks incorporating the Swiss flag—including the Wenger Emblem. *See* Huang Decl. ¶ 11 (Dkt. #81); R&R, p.5. Because Plaintiff asserts that it owns valid trademarks in the United States but such marks have been deemed invalid and unprotectable by courts in Fuzhou Hunter's home country, and because China's authorities have determined that Fuzhou Hunter's trademark is valid and protectable, a conflict exists such that a decision by this Court would cause discord with Chinese law. *See Vanity Fair*, 234 F.2d at 647.

5

Accordingly, the second factor is also absent, and Plaintiff's claim of subject matter jurisdiction necessarily fails. *See id.* at 643 ("[T]he absence of one of the above factors [citizenship or conflict of law] might well be determinative and . . . the absence of both is certainly fatal.").

Furthermore, even if the Court were to reach the third *Vanity Fair* factor, Plaintiff's claim *still* could not succeed under the governing law. Under the "substantial effect" factor, a court may not exercise subject matter jurisdiction when a plaintiff fails to plead and prove that the defendant's actions have had a substantial effect on U.S. commerce. 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 29:58 (4th ed.). Courts "must be careful," particularly in today's globalized world, "not to find a substantial effect from relatively minor interferences with [U.S.] commerce." *See Aerogroup Int'l, Inc.*, 955 F. Supp. at 229. "[T]here must be a 'substantial' effect—not merely 'some' effect." *See Totalplan Corp. of Am. v. Colborne,* 14 F.3d 824, 830 (2d Cir. 1994) (finding no substantial effect where there was no evidence that the infringing goods caused confusion in the United States or that plaintiff had been damaged by defendant's sales abroad); *cf. Warnaco Inc. v. VF Corp.,* 844 F. Supp. 940, 945, 951-52 (S.D.N.Y. 1994) (finding substantial effect where plaintiffs alleged that defendants' infringing activities caused confusion among customers and resulted in more than an 80% decline in plaintiff's foreign sales).

The Magistrate Judge concluded that the fact that Fuzhou Hunter "is a regular exhibitor at tradeshows within the United States and . . . rented its space to entities such as Swissdigital and Krummholz to allow them to obtain better pricing and more desirable space" was "sufficient evidence for purposes of establishing jurisdiction" (R&R, p.11). However, this evidence fails to establish that Fuzhou Hunter has had a minimal effect on U.S. commerce, let alone a substantial one. *See Atl. Richfield Co. v. Arco Globus Int'l Co.*, 150 F.3d 189, 193 (2d Cir. 1998) (stating that the mere presence and/or decision-making of the defendant on American soil is not sufficient to

trigger extraterritorial application of the Lanham Act). Moreover, neither the evidence cited by the Magistrate Judge nor any evidence put forth by Plaintiff demonstrates that Fuzhou Hunter, Swissdigital, or Krummholz caused confusion in the United States or damaged Plaintiff's sales in any way. *See id.*; *Totalplan Corp.,* 14 F.3d at 830. To the contrary, Plaintiff's own representative readily admits that (1) Plaintiff is not aware of any sales made by Defendants in the United States, *see* Deposition of Jean-Daniel Bussard, 64:1-8 (Dkt. #87-1) (stating, "I'm not aware of [any U.S. sales made by Defendants]" and "[because] Wenger has quite a strong trademark foundation, it is difficult for the Defendant to come in with this product in the U.S."), and (2) Plaintiff has not, as a result of Defendants' activities, lost any sales in the United States, *see* Deposition of Jean-Daniel Bussard, 63:11-25 (Dkt. #87-1). Because the evidence is entirely insufficient to show a substantial effect on U.S. commerce, this factor is also absent, and Plaintiff's claim of subject matter jurisdiction fails.[2]

---

[2] In the R&R, the Magistrate Judge references an assertion made by Plaintiff in its Response to Fuzhou Hunter and Swissgear Sarl's Motion to Dismiss (Dkt. #86, p.7) that Fuzhou Hunter and Swissgear Sarl "participated in the manufacture and marketing, in the United States, of items bearing Wenger's trademark and copyright design," thereby participating in domestic infringement of Wenger's intellectual property (R&R, pp.7-8). This statement is nothing more than an attorney's argument. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."). It has not been alleged in Plaintiff's pleading, nor is it supported by any evidence presented by Plaintiff. Moreover, the statement is directly contradicted by both Ms. Huang's and Mr. Li's declarations, which state that neither Defendant markets or manufactures products in this country. Thus, Plaintiff's assertion has no bearing on the third *Vanity Fair* factor.

The Magistrate Judge also references Plaintiff's allegations that Fuzhou Hunter advertises products that infringe the Wenger logo design and Swissgear mark on its website (R&R, p.4) and that Swissgear Sarl uses the infringing term "Swissgear" in its website domain name (R&R, p.3). Contrary to Plaintiff's allegations, these marks and copyrights do *not* belong to Plaintiff in the countries where Defendants own, operate, and host their websites; rather, they belong solely to Fuzhou Hunter and Swissgear Sarl. Because these overseas websites and their content are governed by the domestic laws of Defendants' respective countries, and because Defendants own valid rights to all of the intellectual property appearing on these websites, Defendants are fully within their rights to display and advertise them. Thus, Plaintiff's allegations regarding the websites are completely immaterial to this dispute and have no bearing on the "impact on U.S. commerce" analysis or any other issue in this case. Plaintiff has not presented any evidence to the contrary, and, as discussed above, Mr. Li and Ms. Huang declare that Defendants do not sell or offer sale

As for Swissgear Sarl, the Magistrate Judge concluded that subject matter jurisdiction existed over the company because "Wenger's complaint includes a photograph of one such exhibit displaying the disputed trademarks and copyrighted designs which were attributed to Swissgear Sarl" (R&R, p.11). As with Fuzhou Hunter, had the Magistrate Judge applied the *Vanity Fair* factors to these facts, it would have been evident that no factors are satisfied. First, it is undisputed that Swissgear Sarl, a limited liability company organized and existing under the laws of Switzerland, with its principal place of business in Switzerland, is not a U.S. citizen. *See, e.g.*, R&R, p.3. Second, it is undisputed that a conflict exists between Swissgearl Sarl's trademark rights under foreign law and Plaintiff's rights under domestic law. Plaintiff asserts that it has registrations in the United States Patent and Trademark Office for its "Swissgear" mark and Wenger Emblem for use with various products in the United States; however, in Swissgear Sarl's home country of Switzerland, the nation's trademark registration authority refused to register Plaintiff's mark, Li Decl. ¶ 9 (Dkt. #82), and the European Union Intellectual Property Office has provisionally cancelled Plaintiff's "Swissgear" mark, Li Decl. ¶ 10 (Dkt. #82). Additionally, Swissgear Sarl has a valid trademark for its "Swissgear" mark in Switzerland, as well as rights in the name "Swissgear" and the right to use the name "Swissgear" as part of its trade name, *see* Li Decl., ¶¶ 8-10 (Dkt. #82); R&R, p.6, creating further conflict between U.S. and foreign law.[3] The absence of these two required factors is fatal to Plaintiff's claim of subject matter jurisdiction. *See Vanity Fair*, 234 F.2d at 643.

---

their products in the United States, through their websites or otherwise—an undisputed fact that is corroborated by Plaintiff's own representative, Mr. Bussard.

[3] Furthermore, the district court in Germany made a preliminary finding that Plaintiff's "Swissgear" mark, marks incorporating the Swiss flag, and related marks are misleading and constitute unfair competition. China, Norway, Russia, Iceland, other countries have also denied registration or cancelled registration of Plaintiff's "Swissgear" mark, marks incorporating the Swiss flag, and related marks. Li Decl. ¶ 13 (Dkt. #82); R&R, p.6.

Moreover, like Fuzhou Hunter, Swissgear Sarl's activities do not come close to having a substantial effect on U.S. commerce. Even assuming that a tradeshow booth rented to Swissdigital or Krummholz featured one exhibit displaying disputed trademarks attributed to Swissgear Sarl, this scant evidence does not satisfy the legal standards discussed above. *See, e.g.*, *Atl. Richfield Co.*, 150 F.3d at 193; *Totalplan Corp. of Am.,* 14 F.3d at 830; *Aerogroup Int'l, Inc.*, 955 F. Supp. at 229. As an initial matter, the exhibit's mere reference to Swissgear Sarl, which, as discussed above, has valid rights to the "Swissgear" mark and the word "Swissgear" in Switzerland, does not constitute infringement. Furthermore, like Fuzhou Hunter, Swissgear Sarl does no business in the United States, has never attended any tradeshow in the United States, nor does it make, sell, or offer for sale any of its products in the United States, *see* Deposition of Jean-Daniel Bussard, 64:1-8 (Dkt. #87-1); Li Decl. ¶¶ 5-6 (Dkt. #82). Nor has Swissgear Sarl's use of the "Swissgear" mark or Wenger Emblem actually confused or misled American consumers, caused harm to Plaintiff's reputation or sales, or lessened the value of Plaintiff's marks in this country. *See* Deposition of Jean-Daniel Bussard, 63:11-25 (Dkt. #87-1); *see also Atl. Richfield Co.*, 150 F.3d at 193; *Totalplan Corp.,* 14 F.3d at 830.

Because Plaintiff has not met its burden of demonstrating that extraterritorial application of the Lanham Act is permissible in this case, the Court should decline to adopt the R&R and, instead, grant Defendants' request to dismiss Plaintiff's Lanham Act claims for lack of subject matter jurisdiction.

II.     **The Magistrate Judge Erred in Determining That This Court Has Subject Matter Jurisdiction Over Plaintiff's Copyright Infringement Claim.**

As stated in the R&R, the "U.S. Copyright Act does not have extraterritorial application, and district courts do not have subject matter jurisdiction over infringement occurring outside of the United States." *Levitin v. Sony Music Entm't*, 101 F. Supp.3d 376, 384 (S.D.N.Y. 2015) (citing

9

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)) (R&R, p.10).  A narrow exception to this rule affords jurisdiction where an individual commits an act of infringement in the United States that permits further reproduction outside the United States.  *Update Art*, 842 F.2d at 73 (R&R, p.10).  "The clear governing legal rule is that the predicate act occurring in the United States must itself constitute infringement under the Copyright Act."  *Levitin*, 101 F. Supp.3d at 385 (R&R, pp.10-11).

Here, the evidence cited by the Magistrate Judge does not demonstrate that the "narrow exception" to the rule against extraterritorial application applies to either defendant.  As to Fuzhou Hunter, the Magistrate Judge concluded that subject matter jurisdiction existed over the company because it "confirms that it is a regular exhibitor at tradeshows within the United States and that it rented its space to entities such as Swissdigital and Krummholz to allow them to obtain better pricing and more desirable space" (R&R, p.11).  This evidence, however, fails to establish (1) that Fuzhou Hunter committed an act of infringement in the United States and (2) that the act permitted further reproduction outside the United States.  *See Update Art*, 842 F.2d at 73 (R&R, p.10).

In its complaint, Plaintiff alleges that "[t]he Fuzhou Hunter Entities' use and reproduction of the design subject to the Krummholz Registration constitutes infringement of Plaintiff's registered copyright" (Dkt. #1, ¶ 129).  This conclusory allegation is entirely insufficient to state a claim of copyright infringement against Fuzhou Hunter.  Furthermore, Plaintiff has not put forth any evidence that Fuzhou Hunter has reproduced any if its designs in the United States.  By contrast, Fuzhou Hunter has put forth evidence to the contrary: it has demonstrated that it is a shipping agent that operates exclusively in China and does not design or manufacture any products, and it has established that it was not present at the photographed tradeshow and instead rented its

booth to Swissdigital.  *See* Huang Decl. ¶¶ 3-7 (Dkt. #81).   For these reasons, Plaintiff has failed to allege any direct infringement of its copyright by Fuzhou Hunter.

Plaintiff reliance on contributory infringement liability to allege that Fuzhou Hunter engaged in copyright infringement similarly fails.  To prove contributory infringement, Plaintiff must show that Fuzhou Hunter, "with knowledge of the infringing activity, induce[d], cause[d] or materially contribute[d] to the infringing conduct of another."  *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).  However, Plaintiff's complaint merely states that "[u]pon information and belief, Hunter Li, with knowledge of the Wenger Logo Design, has induced and caused the Fuzhou Hunter Entities to infringe Plaintiff's registered copyright" (Dkt. #1, ¶ 130).  This statement is not only impermissibly vague and conclusory, but Plaintiff's allegation against Hunter Li does not establish that co-defendant Fuzhou Hunter also had knowledge of the infringing activity and induced or caused the infringing conduct of another.  *See* Li Decl. ¶ 14 (Dkt. #82) (stating "I am not a director of Fuzhou Hunter"); R&R, n.1; *see also Arista Records*, 604 F.3d at 117.  Further, as the R&R notes, Fuzhou Hunter has stated that it never manufactured products for Krummholz, Swissdigital, Swissgear Sarl, "or any other entity[,] and does not exercise any control over the activities of these parties."  Huang Decl. ¶ 5 (Dkt. #81); R&R, p.5.  Thus, because Plaintiff has failed to establish that Fuzhou Hunter directly or indirectly infringed its copyright, Plaintiff has not demonstrated that Fuzhou Hunter committed an act of infringement in the United States.

Moreover, even assuming that Fuzhou Hunter did engage in copyright infringement, Plaintiff fails to plead or put forth evidence establishing that such acts permitted further reproduction outside the United States.  This omission is fatal to Plaintiff's claim, *see Update Art*, 842 F.2d at 73 (R&R, p.10), and for this additional reason, the Magistrate Judge's failure to dismiss this claim for lack of subject matter jurisdiction was erroneous.

As for Swissgear Sarl, the Magistrate Judge concluded that subject matter jurisdiction existed because "Wenger's complaint includes a photograph of [a U.S. tradeshow] exhibit displaying the disputed trademarks and copyrighted designs which were attributed to Swissgear Sarl" (R&R, p.11).  Swissgear Sarl does no business in the United States, has never attended any tradeshow in the United States, nor does it make, sell, or offer for sale any of its products in the United States.  Li Decl. ¶¶ 5-6 (Dkt. #82).  Therefore, Swissgear Sarl has not, as Plaintiff alleges, "reproduce[ed] . . . the design subject to the Krummholz Registration" (Dkt. #1, ¶ 129).  However, even assuming that the display of "disputed trademarks and copyrighted designs" at the tradeshow attributable to Swissgear Sarl constitutes an act of infringement—which Defendants maintain it does not—Plaintiff fails to adequately plead or put forth evidence that the alleged act permitted further reproduction outside the United States.  Nor does the Magistrate Judge explain how Plaintiff has satisfied this strict requirement.  Accordingly, the Magistrate Judge erred in determining that Swissgear Sarl, a foreign company that operates exclusively outside the United States, may be brought under the purview of the Copyright Act under the "narrow exception" to the rule against extraterritorial application.  *See Update Art*, 842 F.2d at 73 (R&R, p.10).

Because Plaintiff has not met its heavy burden of demonstrating that extraterritorial application of the U.S. Copyright Act is permissible in this case, the Court should decline to adopt the R&R and, instead, grant Defendants' request to dismiss Plaintiff's copyright claim for lack of subject matter jurisdiction.

### III.    The Magistrate Judge Erred in Declining to Dismiss Plaintiff's Remaining State Law Claims.

Because the Court lacks subject matter jurisdiction over Plaintiff's federal claims, and because dismissal of Plaintiff's state law claims would have no adverse effect on judicial economy, convenience, fairness, or comity, the Court should also decline to exercise supplemental

jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a non-diverse state law claim if the court "has dismissed all claims over which it has original jurisdiction"); *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262-63 (2d Cir. 2006) (stating that it is "well settled" that "where the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court decline to adopt the Magistrate Judge's Report, Recommendation and Order and grant Defendants' motion to dismiss for lack of subject matter jurisdiction in full.

Dated: September 14, 2017

                                                          Respectfully submitted,

                                                          /s/ Dariush Keyhani
                                                          Dariush Keyhani (DK-9673)
                                                          Meredith & Keyhani, PLLC
                                                          125 Park Avenue, 25th Floor
                                                          New York, New York 10017
                                                          Tel. (212) 760-0098
                                                          Fax (212) 202-3819
                                                          dkeyhani@meredithkeyhani.com
                                                          *Attorneys for Plaintiff*

                                                          Meredith & Keyhani, PLLC
                                                          205 Main Street
                                                          East Aurora, New York 14052