UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENGER S.A.,<br><br>                Plaintiff,<br><br>   -against-<br><br>FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD., KRUMMHOLZ INTERNATIONAL, INC., SWISSDIGITAL USA CO., LTD., SWISSGEAR SARL, and ZHIJIAN "HUNTER" LI,<br><br>                Defendants. | Case No.  15-cv-637 (WMS)(HKS) |

**PLAINTIFF WENGER S.A.'S RESPONSE TO**
**FUZHOU HUNTER AND SWISSGEAR SARL'S OBJECTIONS TO**
**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER**

      Plaintiff Wenger S.A. ("Wenger") responds to Defendants Fuzhou Hunter Product Import and Export Co., Ltd. ("Fuzhou Hunter") and Swissgear SARL's ("Swissgear") Objections to Magistrate Judge's Report, Recommendation and Order, [Dkt. #89], and states as follows:

      Over two years ago, Plaintiff commenced this action to protect its intellectual property from Defendants' clear violations of those property rights – in the United States.  On the eve of the completion of discovery, on March 7, 2017, Defendants Fuzhou Hunter and Swissgear moved to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(1), asserting that this Court lacked subject matter jurisdiction over their activities. Dkt. ##79-82.  Defendants knew that by filing that Motion, the local practice of this Court would bring this case to a halt.  And indeed it did.  Thus, while the parties briefed Defendants' Motion and the Magistrate Judge had it under consideration, no other activity could proceed in the case.

The Magistrate Judge, after careful consideration of the issues raised in the Motion, issued his Report and Recommendation on August 31, 2017, Dkt. #88.  The R&R reflects that the Magistrate Judge had a full and accurate understanding of the issues raised in the Motion and the Court disposed of Defendants' jurisdictional challenge with this penultimate analysis:

> In the instant case, Wenger's complaint alleges conduct within the United States by Fuzhou Hunter and Swissgear Sarl which caused and/or contributed to violations of Wenger's intellectual property rights within the United States. Fuzhou Hunter confirms that it is a regular exhibitor at tradeshows within the United States and that it rented its space to entities such as Swissdigital and Krumholz to allow them to obtain better pricing and more desirable space.  Dkt. #81, ¶¶ 608. Wenger's complaint includes a photograph of one such exhibit displaying trademarks and copyright designs which were attributed to Swissgear Sarl.  Dkt. #1, ¶¶ 46-47.  This is sufficient evidence for purposes of establishing jurisdiction.

Defendants' correctly assert that in reviewing the Magistrate Judge's recommendation, the standard of review is *de novo*.  *See* 28 U.S.C. § 636(b)(1)(C).  Yet, even under *de novo* review, this Court will not ignore the analysis of the Magistrate Judge in rendering the R&R.  Indeed, the very Supreme Court case upon which Defendants rely, *United States v. Raddatz*, 447 U.S. 667 (1980), Dkt. #89 at p. 2, expressly held that this Court has discretion to place whatever reliance on the Magistrate Judges' R&R that it deems appropriate.  *Id* at 676.; *see also Phillips v. Reed Group, Ltd.*, 955 F.Supp.2d 2o1, 211 (S.D.N.Y. 2013) (citing *Raddatz*, adopting the Magistrate Judge's Report and Recommendation and explaining that "[a] district court judge, in making such determination, has discretion in the weight to be placed on the proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation").

Defendants' Objections to the R&R reassert the same argument that they unsuccessfully asserted to the Magistrate Judge.  Thus, Defendants try to focus this Court on their foreign misconduct in an effort to establish a false narrative that Plaintiff is improperly asking this Court

to extend U.S. law in a manner that violates principles of extraterritoriality. That is, Defendants ignore the conduct within the United States that wholly supports the causes of action asserted against them in this case. In addition to the specific evidence that the Magistrate Judge found sufficient to establish subject matter jurisdiction as set forth above, Plaintiff provided a record of abundant contacts with the United States to sustain the claims in this case. *See* Dkt. #86, pgs. 8-9 and Dkt. #s 86-1 and 86-2.

Moreover, Defendants ignore the legal test that applies when there is infringing conduct in the United States. Focusing, as they did in their Motion, on the Second Circuit's factors in *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633 (2d Cir. 1956), Defendants do not even try to address the Second Circuit's subsequent decision in *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733 (2d Cir. 1994), which governs the conduct in this case. As the Second Circuit explained in *Sterling Drug*, "[w]hile the stringent *Vanity Fair* test is appropriate when the plaintiff seeks an absolute bar against a corporation's use of its mark outside of our borders, the test is unnecessarily demanding when the plaintiff seeks the more modest goal of limiting foreign uses that reach the United States." *Id.* at 746.

Plaintiff made clear in opposing the Motion that the conduct challenged in this case focuses on Defendants' activities <u>in the United States</u>. *See* Dkt. #86, pgs. 6-11. The Magistrate Judge properly focused on the evidentiary record that supported subject matter jurisdiction of the claims in this case and Defendants have not presented any valid reason in their Objection for this Court to reach a different conclusion.[1]

---

[1] The Magistrate Judge also identified support in the evidentiary record for a finding that Defendants had engaged in conduct that contributed to the violations of Wenger's intellectual property rights by the other defendants, as an additional rationale to sustain the claims in this case.

Defendants know that the longer that they can avoid a judgment of this Court finding that they violated Wenger's intellectual property rights, the longer they can proclaim that they are engaged in legitimate business activity instead of unlawful conduct. This Court should not permit Defendants from further delaying their day of reckoning. Accordingly, we respectfully ask that this Court affirm the Magistrate Judge's R&R, deny the Motion to Dismiss in its entirety and set a trial date as soon as possible.[2]

Dated: October 10, 2017

Respectfully submitted,

**Attorneys for Plaintiff Wenger S.A.**

By: */s/ Joseph A. DeMaria*
**Joseph A. DeMaria**
FOX ROTHSCHILD LLP
One Biscayne Blvd., Suite 2750
2 S. Biscayne Blvd.
Miami, Florida 33131
Telephone: 561.835.9600
Email: jdemaria@foxrothschild.com

**David I. Greenbaum**
FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach FL 33401
Telephone: 561.835.9600
Email: dgreenbaum@foxrothschild.com

---

*See* Dkt. #86, pp. 11-13, citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117-19 (2d Cir. 2010); s*ee also* Declaration of Shuxin Huang, Dkt. #81 at ¶ 7 and Deposition of Hunter Li, Dkt. #86-1 at pg. 175, lines 7-12, reflecting Defendants' contributory conduct.

[2] In their Reply in support of their Motion, Defendants asserted that if they could not secure a dismissal on grounds of lack of subject matter jurisdiction pursuant to their Rule 12(b)(1) Motion, they would reserve the right to raise the same issue in a Rule 56 motion. Dkt. #87 at pg. 3, note 2. This Court should not tolerate any further delay in scheduling the trial of this matter with such tactics.

**Caroline A. Morgan, Esq.**
FOX ROTHSCHILD LLP
100 Park Avenue, 15th Fl.
New York, NY 10017
Telephone: 212-878-7900
Email: cmorgan@foxrothschild.com

**James W. Grable, Jr., Esq.**
CONNORS LLP
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
Telephone: (716) 852-5533
Email: jwg@connorsllp.com

CC:  All counsel via CM/ECF